# CASES

## ARGUED AND DETERMINED

# SUPREME COURT OF MINNESOTA.

---

STATE ex rel. K. M. MURPHY and Another v. J. N. BERNIER and Another.[1]

May 31, 1888.

Nos. 5,406—(231).[2]

**Election—Quo Warranto.**
  Writ dismissed, because allegations of the information were insufficient.[3]

Writ of quo warranto issued from the supreme court upon an information which contained the following allegations:

That said relators, K. M. Murphy and David H. Hayes, have been since prior to the tenth day of March, 1887, trustees of the village of Mendota, in the county of Dakota, in said state, which village is duly organized and incorporated under the general laws of said state therefor provided; and that said relators did duly qualify and act as such trustees, and still are such trustees, and members of said village council, and entitled to said offices, and to perform therein the duties of the same. That on the thirteenth day of March, 1888, a pretended annual election was attempted to be held in said village of Mendota, whereat said J. N. Bernier and Amede Le Clair claim to have been, and were, returned as having been elected as trustees of said village of Mendota,

---

[1]Reported in 38 N. W. 368.          [2]April, 1888, calendar.
                    [3]Syllabus by the Reporter.

98 M.—1

and members of said village council; and that said J. N. Bernier and Amede Le Clair have since qualified and acted, and have claimed to act as such officers, and have unlawfully usurped the places of said relators, as such trustees and members of said council. That, in law and in fact, said pretended election of said J. N. Bernier and Amede Le Clair, and said annual election of said village, were null and void; and that said J. N. Bernier and Amede Le Clair are not entitled to hold and exercise the functions and duties of said offices, for the reasons:

First, that said village council did not, as was required by law, fix or designate, prior to such election, any place for holding said annual election of said village. .

Second, that said council did not, at any time, appoint any judges of said election, as is provided by law.

Third, that said council did not, at any time prior to said election, designate any places in said village for the posting of notices of such election.

Fourth, that said council did not, at any time prior to said pretended election, make or file, or cause to be made or filed, as is required by law, any financial statement of the financial condition of said village.

Fifth, that said council did not, at any time, post or publish, or cause to be posted or published, as is required by law, such financial statement.

Sixth, that Austin Hallahan, Fred Le Claire, and Louis T. Le Claire assumed to act as judges of said election, and that neither and none of them can read or write the English language as is required by law that such judges of election shall do.

Seventh, that at said pretended election one William F. Kertson was then and there the recorder of said village, and a candidate for re-election to said office, but that, contrary to law, he did act as clerk of said election.

Eighth, that all of the ballots cast at said election were, contrary to law, read and canvassed by one of the clerks at said election, and not by any of the judges thereof.

Ninth, that, contrary to law, there was no registered poll-list made or posted, prior to said election, of the voters who were qualified to vote thereat.

On the return day respondents moved to quash the writ for the reason that the specific grounds for the invalidity of the election stated in the information and writ were not well taken.   Writ quashed.

*M. E. Clapp,* Attorney General, and *E. S. Chittenden,* for relators.

*Chamberlain & Countryman,* for respondents.

The information states specifically the reasons why such election is claimed to be void.   Had the information, as is the usual practice, stated simply the fact of the usurpation of certain offices by respondents, and had the writ followed, commanding respondents to show by what warrant they held said offices, we believe and deem that we should have been obliged to come before this honorable court and show that warrant.   But as the relators have specified the particular reasons why this election, which they themselves state has taken place, is invalid and of no effect, we believe that if those reasons are not well founded, the writ should be quashed and the respondents be dismissed with their costs.

In this information there is no allegation that there was fraud, mistake, or other reason whereby the will of the electors was not fairly expressed and carried out.   There is nothing to indicate that public notice was not given of the election or that a full vote of the qualified electors was not cast, or that the respondents did not receive a majority of all the votes cast.   The relators depend entirely upon the ground that the election was void on account of the irregularities and that therefore they hold the office until their successors are elected and qualified. Where an election is conducted in good faith and nothing appears to show that any person has been prejudiced, the election will not be disregarded, though it was held at a place unauthorized by law, by judges who were not legally qualified to receive the votes, and for a precinct which had no legal existence.   Stemper v. Higgins, 38 Minn. 222.

PER CURIAM.

Now, after due consideration, it is ordered that said writ be, and hereby is, quashed and discharged, and that the respondents have judgment accordingly.