THE PEOPLE, EX REL. LOUIS M. HARTWICK, PROSECUTING ATTORNEY OF OCEANA COUNTY, V. ALBERT G. AVERY.

*Elections—Validity—Mistakes of officers—Irregularities.*

The appointment by a village council of the president and one of the trustees of the village, who are candidates for office, to act upon the board of election inspectors, and the appointment by said board of another candidate as one of the clerks of the election, and the posting of notices in the nature of instructions to voters, which conform to those provided for by the election law of 1891, instead of 1893, under which latter law the election is to be held, are irregularities, and will not invalidate the election; it appearing that in making and acting under such appointments the council and members of the board of election inspectors acted in good faith, believing that the board was to be appointed under How. Stat. § 2794, and that the provision of the 1893 law, that no person shall act as an inspector who is a candidate for any office to be elected by ballot at the election, did not repeal or alter the section of the statute cited.

Error to Oceana. (Russell, J.) Submitted on briefs October 11, 1894. Decided December 7, 1894.

Information in the nature of *quo warranto* to test the title of respondent to the office of trustee of the village of Shelby. Relator brings error. Affirmed. The facts are stated in the opinion.

*L. M. Hartwick* (*L. G. Rutherford,* of counsel.), for appellant.

*A. E. Souter* and *Bundy & Travis,* for respondent.

HOOKER, J. An information in the nature of *quo warranto* was filed in the circuit court for the county of Oceana, to try the title of the defendant, Albert G. Avery, to the office of trustee of the village of Shelby.

The findings of fact show that Avery received a majority of the votes cast at said election.

Two questions arise in the case:

1. At the time of such election, William H. Barry and George W. Woodward held the offices of president and trustee of said village, respectively. They were also candidates for the offices of president and street commissioner, respectively, at said election, and Edward B. Gaylord was a candidate for trustee. Said Barry and Woodward were appointed by the village council to act upon the board of election inspectors at said election, and said Gaylord was appointed by said board as one of the clerks of said election. In making and acting under such appointments the council and members of the board acted in good faith, believing that the election board was to be appointed under How. Stat. § 2794, and that the provision of Act No. 202, Laws of 1893, providing that "no person shall act as an inspector who is a candidate for any office to be elected by ballot at the election," did not repeal or alter the statutory provision referred to, governing village elections, and prescribing that the president and clerk of the village and one of the trustees, or any three of the trustees, to be appointed by the council, shall be the inspectors of the election, and that the president, when present, shall be chairman, and the others shall be clerks, of the board of inspectors. There is nothing in the record to show that the result of the election was in any respect different from what it would have been had other persons officiated as inspectors, or had these persons not been candidates upon the ballot.

2. Notices in the nature of instructions to the voter were posted, but, instead of being in exact conformity to the law of 1893, were such as were prescribed by the law of 1891.

It is contended that, for the reasons given, the election

was void; but we think otherwise. The electors are not to be deprived of the result of their votes at an election by the mistake of election officers, when it does not appear to have changed the result. Under repeated decisions it is settled that the matters relied on here were irregularities, and did not invalidate the election. *People v. Bates,* 11 Mich. 362; *People v. Higgins,* 3 Id. 233; *People v. Cicott,* 16 Id. 283; *Adsit v. Secretary of State,* 84 Id. 420; *Farrington v. Turner,* 53 Id. 27; *Loranger v. Navarre,* 102 Id. 259; *Taylor v. Taylor,* 10 Minn. 107; *State v. Bernier* (Minn.), 38 N. W. Rep. 368.

The judgment of the circuit court will therefore be affirmed.

The other Justices concurred.