THE CANDA MANUFACTURING COMPANY v. THE INHABITANTS OF THE TOWNSHIP OF WOODBRIDGE, IN THE COUNTY OF MIDDLESEX.

1. A special meeting of the voters of a school district cannot legally be held under sections 39 and 86 of the School law (*Rev.*, *p.* 1070), unless ten days' notice thereof be given.

2. A tax levied to raise a sum of money ordered at such a meeting whereof ten days' notice was not given, must be set aside, and cannot be reimposed by the court under the act of March 23d, 1881 (*Rev. Sup.*, *p.* 602), since the vote of a meeting legally convened is essential to the validity of such a tax.

3. Neither the conduct of the superintendent of a corporation, nor his information casually obtained, can estop the corporation, if his conduct had no relation to his position as superintendent and his information no pertinency to any matter in which the corporation had empowered him to act.

On *certiorari* in matter of tax.

Argued at February Term, 1895, before Justices DIXON and LIPPINCOTT.

For the prosecutor, *Frank Bergen.*

For the defendants, *William M. Brown.*

The opinion of the court was delivered by

DIXON, J. In the year 1894, a tax of $585.30 was assessed against the prosecutor in Woodbridge township, for the purpose of raising $2,500, to enlarge a public school-

house, in pursuance of a resolution passed at a special meeting of legal voters in School District No. 22. The prosecutor seeks to set aside the tax, on the ground that ten days' notice of the meeting, as required by sections 39 and 86 of the School law (*Rev., p.* 1070), was not given.

The fact appears to be so, the meeting having been held June 25th, 1894, and notice not having been given until June 16th or later. This defect invalidates the tax. *Gilbert* v. *Van Winkle,* 1 *Dutcher* 73; *Davis* v. *Rapp,* 14 *Vroom* 594.

The defendant urges that the prosecutor is estopped from setting up the illegality, because Mr. Savage, its general manager and superintendent, was one of the school trustees, voted at the meeting of June 25th, to raise the money then ordered, and saw the school-house being enlarged, without making any objection.

It is, however, clear that none of this action or information can be imputed to the prosecutor. Its works were closed throughout the year 1894, and the conduct of Mr. Savage had no relation to his position as its superintendent and manager, nor did the corporation act through him in any matter in which his information about school affairs was pertinent. *Willard* v. *Denise,* 5 *Dick. Ch. Rep.* 482. The corporation stands without notice of anything that was being done, and, consequently, is not estopped by its inaction. After the levying of the tax charged it with knowledge of the circumstances, it promptly sued out the present writ of *certiorari.*

The defendants further insist that the defect above mentioned is curable under the act of March 23d, 1881. *Rev. Sup., p.* 602.

But this statute cannot be applied in cases where there was not, when the tax was levied, and is not, when the aid of the court is invoked, lawful authority for imposing a tax. For the present emergency, no such authority has ever been afforded, the vote of a meeting legally convened being, according to the cases above cited and many others, essential to the assessment of a tax for such objects.

The tax must be set aside, but without costs.