STATE OF NEBRASKA, EX REL. C. D. CASPER, v. JOEL A. PIPER, SECRETARY OF STATE.

FILED DECEMBER 16, 1896.    No. 8792.

Elections: CERTIFICATES OF NOMINATION: OBJECTIONS: TIME. The provisions of the statute (Compiled Statutes, ch. 26, sec. 136) known as the "Australian Ballot Law," requiring objections to a certificate of nomination of candidates for office to be filed within three days after the filing of such certificate, are mandatory, and must be strictly followed, else said certificate, if in conformity with law, will be deemed valid.

ORIGINAL application for *mandamus*. Writ denied.

*Robert. Wheeler, Frederick Shepherd*, and *Bane & Altschuler*, for relator.

*John H. Ames, contra.*

NORVAL, J.

This was an application by C. D. Casper, as chairman of the democratic congressional committee for the fourth congressional district, for a writ of *mandamus* to determine the right of the secretary of state to certify to the several county clerks of said district the name of R. E. Dunphy as the democratic nominee for congress from such district. Like the two other cases decided herewith, the controversy grows out of the fact that two rival

factions of the democratic party have made and filed separate certificates of nomination for said office. The validity of the nomination of Mr. Dunphy alone is assailed in this proceeding. All the questions involved, except one, were decided in *State v. Piper*, 50 Neb., 25. One subject presented by the application for the writ requires notice, and that is whether the relator is in any position to question the nomination of Mr. Dunphy, or the right to have his name appear upon the official ballot as the democratic nominee from the fourth congressional district. The application alleges that on the 1st day of October, 1896, the certificate of nomination of R. E. Dunphy as the democratic nominee for congressman for that district was filed in the office of secretary of state; that on the 12th day of the same month the relator filed his protest and objections to said certificate of nomination; and that the respondent overruled said objections and decided that the name of Mr. Dunphy was entitled to have place upon the official and sample ballots. Section 11 of the Australian Ballot Law (Compiled Statutes, ch. 26, sec. 136) declares: "All certificates of nomination which are in apparent conformity with the provisions of this act shall be deemed to be valid, unless objection thereto shall be duly made in writing within three (3) days after the filing of the same," etc. The statute requires that objections to certificates of nominations shall be filed within three days after such certificates are filed. This provision is mandatory and must be strictly followed, else the certificate of nomination, if in due and legal form, shall be regarded as valid. (*State v. Norris*, 37 Neb., 299; *In re Cuddeback*, 39 N. Y. Supp., 388; *Price v. Lush*, 10 Mont., 61; *Griffin v. Dingley*, 46 Pac. Rep. [Cal.], 457; *Nomination of Van Storch*, 2 Pa. Dist., 7.) The application or petition in this case shows that the objections of the relator to Mr. Dunphy's nomination were not filed until the eleventh day after the filing of his nomination certificate, and it was not alleged that either the relator or any one else, at any

other time, filed another protest against such certificate, or that the same was defective in form or substance. It was, therefore, the duty of the respondent to certify the name of Mr. Dunphy to the several county clerks within the fourth congressional district as the nominee of the democratic party.

WRIT DENIED.

IRVINE and RYAN, CC., not sitting.

RAGAN, C.

I concur in the conclusion reached only.