(December 2, 1902.)

### NAPTON v. MEEK, RECORDER.

[70 Pac. 945.]

ELECTION LAW—CERTIFICATE OF DECLARATION.—The provisions of section 24 of an act approved February 2, 1899, commonly called the "Australian Ballot Law" (5th Sess. Laws 1899, p. 37), prescribing that declinations of persons nominated for public office shall be filed with the proper officer at least thirty days before election, are mandatory, and a nominee desiring to take advantage of such provisions must file his declination with the proper officer at least thirty days before the day of election.
                    (Syllabus by the court.)

An original proceeding in Supreme Court for writ of mandate.

Alfred A. Fraser and Walter Griffith, for Plaintiff, file no brief.

Rice & Thompson, for Defendant.

While vacancy caused by death or insufficiency of certificate of nomination may be filled at any time, clerk has no authority to fill vacancies caused by declination, except when

declination is made "as in this act provided." (5th Sess. Laws, p. 37, sec. 25.) The only case apparently directed to point is *Com. Hudson v. Martin,* digested in 6 Gen. Dig. Annotated, page 2166. Other sections of election law regarding time are held mandatory; for instance, that certificate of nomination must be filed within a certain time. (*State v. Falley,* 9 N. Dak. 464, 83 N. W. 913; *Casper v. Piper,* 50 Neb. 40, 69 N. W. 383; *Hollon v. Center,* 102 Ky. 119, 43 S. W. 174; *In re Cuddeback,* 3 App. Div. 103, 39 N. Y. Supp. 388; *Griffin v. Dingly,* 114 Cal. 48, 46 Pac. 457; *Phillips v. Curtis,* 4 Idaho, 193, 38 Pac. 405.) All the reasoning in these cases is applicable to declinations. A distinction is taken between election contest cases and such cases as the present. (*Jones v. State,* 153 Ind. 440, 55 N. E. 229; *Stackpole v. Hallahan,* 16 Mont. 40, 40 Pac. 80; *Baker v. Scott,* 4 Idaho, 596, 43 Pac. 76.) Certificate of register is sufficient because it does not certify that signature to declinations is that of party declining, or that party declining appeared before her and acknowledged it to be his signature, and is perfectly consistent with a state of facts such as an oral declination and a writing signed by someone else; it might open the door to fraud. Residence and business of certifying officers is held to be a matter of substance in *Lucas v. Ringsrud,* 3 S. Dak. 355, 53 N. W. 426. Being an application for a writ of mandate, plaintiff must show himself entitled to a writ in every essential particular. This is not a case where the interests of candidates and committees only are involved; it involves questions of substantial law in which the whole people are interested, and incidentally it may be remarked that a candidate has no right as a matter of law to resign at will or decline to take upon himself the discharge of the duties of a public office to which he may have been elected; he may be compelled by *mandamus* to perform such duties. (*People v. Williams,* 145 Ill. 573, 36 Am. St. Rep. 514, 33 N. E. 849, 24 L. R. A. 492.)

SULLIVAN, J.—This is an original proceeding in this court for a writ of mandate to Edgar Meek, clerk of the district court, and *ex-officio* auditor and recorder of Canyon county,

to compel said auditor to file a certificate of nomination, whereby the plaintiff, Houston Napton, was nominated for the office of representative of the state of Idaho from said county, and to further command said auditor to have the name of the plaintiff properly printed on the official ballot of said county. It appears that one Allen K. Wright was nominated for said office of representative by the regular Democratic convention of said county, and that his name was duly certified, as by law required; that on the first day of October, 1902, he declined the nomination, by letter to the chairman of the Democratic committee of said county, on the ground that he had only been a resident of said county seven months. His written declination was certified by the register of the South Payette precinct of said Canyon county. It is alleged that at a regularly called meeting of the Canyon county central committee of the Democratic party, held on the third day of October, 1902, said declination was accepted, and Houston Napton, the plaintiff, was duly nominated by said committee to fill the vacancy resulting from said declination. Thereafter, on the thirteenth day of October, 1902, said declination, with the certificate of the register, was presented to the defendant, the auditor of said county, and he was requested to file the same, which he refused to do, and indorsed on the back thereof that the filing was refused on the ground that it was not presented for filing thirty days prior to the day of election. Thereupon the plaintiff instituted these proceedings to compel him to file said declination, and to file the plaintiff's certificate of nomination to said office of representative.

The answer puts in issue some of the facts alleged in the complaint, but the case was submitted on the demurrer to the complaint. Although the demurrer specifies some particulars in which the complaint fails to state a cause of action, it is a general demurrer. It is contended that said declination was not offered for filing in the time required by law, and upon that point counsel for defendant cites Session Laws of 1899, page 37, section 24. Said section reads as follows: "Whenever any person nominated for public office, as in this act provided,

shall at least thirty days before election, except in the case of municipal elections, in a writing signed by him, and certified to by the registrar of the precinct where the person nominated resides, notifying the officer with whom the certificate nominating him is by this act required to be filed, that he declines such nomination, such nomination shall be void. In municipal elections such declination must be made at least ten days before the election." It is contended by counsel for plaintiff that the provision of said section requiring that a person nominated for a public office, except in the case of municipal elections, who intends to decline such nomination, "shall at least thirty days before election, in writing signed by him, and certified to by the registrar of the precinct where the person nominated resides," etc., is merely directory, and the declination therein provided for might be filed at any time before the day of election; while counsel for defendant contend that said provision is mandatory, and that, unless such declination is offered to the proper officer for filing at least thirty days before the election, he must not receive and file the same. The legislature in enacting said provision evidently had some substantial reason for requiring a person who had been nominated to a public office to file his written declination at least thirty days before the day of election, if he desired to decline such nomination. One purpose for its enactment was to give the party that nominated him time to make another nomination, and have the name of such nominee printed on the official ballot, and to give the voter time to investigate the character and ability of the person who takes the place of the person so declining. We have no doubt that the legislature intended to make said provision mandatory, and that such declinations must be filed at least thirty days before the election. Only one adjudicated case directly in point has been called to our attention, and that authority is not at hand. However, we find a note on that case in 6 Gen. Dig. Ann., page 2166. Said note is as follows: "The secretary of the commonwealth properly refuses to permit a candidate to withdraw his name from the ticket, where his application therefor was not made within the time prescribed by

the Pennsylvania election law." (*Commonwealth v. Martin,* 7 Pa. Dist. Rep. 666.)   We are not authorized to construe plain provisions of a statute like the one under consideration so as to defeat the evident intent of the legislature, or at all.   Where a law declares in unmistakable terms that a certain act must be done before the occurrence of a certain event or date, to hold that such act may be done at any time would totally abrogate its provisions by judicial construction.   While it is the legitimate province of courts to interpret legislation, they are not authorized to supply omissions or inject matters which the legislature did not place therein.   If the law under consideration is obnoxious, the remedy is with the legislature, and this court will not abrogate it by judicial legislation or decision. A law should not be repealed by judicial construction.   The election laws of other states that require certificates of nomination to be filed within a certain time have uniformly been held to be mandatory, and all the reasoning in those cases is, we think, applicable to the law requiring declinations to be filed a certain number of days before election.   (*State v. Falley,* 9 N. Dak. 464, 83 N. W. 913; *Casper v. Piper,* 50 Neb. 40, 69 N. W. 383; *Hollon v. Center,* 102 Ky. 119, 43 S. W. 174; *In re Cuddeback,* 3 App. Div. 103, 39 N. Y. Supp. 388; *Griffin v. Dingley,* 114 Cal. 481, 46 Pac. 457; *Phillips v. Curtis,* 4 Idaho, 193, 38 Pac. 405.)   A clear distinction is made by courts in the construction of election statutes in cases like that at bar, and of the law concerning election contest cases.   The former are construed to be mandatory, and the latter as directory. (*Jones v. State,* 153 Ind. 440, 55 N. E. 229; *Stackpole v. Hallahan,* 16 Mont. 40, 40 Pac. 80, 28 L. R. A. 502; *Baker v. Scott,* 4 Idaho, 596, 43 Pac. 76.)   In *Jones v. State, supra,* it is held that all provisions of the election law are mandatory if enforcement is sought before election, in a direct proceeding therefor, but after election all should be held directory, unless it is expressly declared by the statute that a particular act is essential to the validity of the election, or that its omission shall render the election void.

The defendant did not err in refusing to file said declination, nor in refusing to file the certificate showing the nomination of

the plaintiff to said office, as, of course, the latter could not legally be filed until the former had been filed.

Said writ must be denied, and it is so ordered. Costs are awarded to the defendant.

Stockslager, J., concurs.

Quarles, C. J., sat at the hearing, but took no part in the decision.