DAVID H. BROWN, PROSECUTOR, v. STREET LIGHTING DISTRICT NUMBER ONE OF THE TOWNSHIP OF WOODBRIDGE ET AL.

Submitted September 12, 1903—Decided October 7, 1903.

1. The legislature may confer upon a single justice of the Supreme Court power to hear and determine, after return and upon notice, any proceeding in *certiorari*, and direct that the order and determination of such justice therein shall be entered as the judgment of the Supreme Court.

2. Where the prosecutor was present at, and participated in, an election in a street lighting district, and, without objection or protest, voted upon the question of the sum to be raised for street lighting purposes in the district for the ensuing year, he will be held to be estopped from questioning the regularity of the election because of an allegation that the requisite ten days' notice thereof was not given by the township clerk.

---

On *certiorari* to review the proceedings of street lighting district meeting.

Before Justice FORT, upon notice, under the fifth section of an act relative to the writ of *certiorari* (Revision of 1903).

For the prosecutor, *Neilson Abeel*.

For the defendants, *Malcolm MacLear* and *J. H. Thayer Martin*.

Fort, J. In this case the court has reached the following conclusions:

*First.* The legislature may confer upon a single justice of the Supreme Court the power to hear and determine proceedings in *certiorari* and authorize the entry of his order and direction therein as the judgment of the Supreme Court. *Mott's Practice Act* 135, § 5.

By the act relative to Supreme and Circuit Courts the Supreme Court may be held by the Chief Justice or any one of the justices. *Pamph. L.* 1900, *p.* 350, § 7.

The same provision is found in the revision of 1874, and was carried into that revision from existing statutes. *Gen. Stat., p.* 1023, § 19; *Wood* v. *Fithian,* 4 *Zab.* 838.

*Second. Certiorari* is the proper remedy to review the legality of the passage of a resolution fixing the sum of money to be raised and expended in the lighting district for the ensuing year, under the authority conferred by the Street Lighting District act. *Gen. Stat., p.* 3669, § 450.

*Third.* Under the proof taken in this case it appears that less than ten days' notice of the election held for the purpose of fixing said sum, as required by the statute, was given by the township clerk, and for this reason the prosecutor asks that the action of the meeting in voting the sum directed to be expended in the district for the ensuing year be set aside.

The statute fixes the first Tuesday in June of each year for the legal voters of each district to meet, after the district is set up, to elect the lighting commissioners and to determine by ballot by a majority of those present the sum to be raised and expended for street lighting. The polls are required to be open at ——— o'clock in the afternoon and to close at seven o'clock at night.

The township clerk is required to give ten days' notice of the time and place of the meeting.

Under the proof in this case it is clear that the requisite notices were not set up for the required ten days.

I think this would be fatal under the decisions in this state if no other fact appeared in the case. *Canda Manufacturing Co.* v. *Woodbridge,* 29 *Vroom* 134; *Davis* v. *Rapp,* 14 *Id.* 594.

But it appears in this case that the prosecutor attended and participated in and voted at the election without protest or objection. There was a very full vote at the election—a greater number than usual. Two hundred and eight voted. If the resolution be set aside there would be no method for a reconsideration of the action of the lighting district. The prosecutor comes before the court upon the merest technicality without showing that a single person who wished to vote did not do so, or that any voter in the district did not, in fact have notice of the election. He admits he did and that he voted. I think he should be held to be estopped from raising the question of the irregularity of the notice.

The writ of *certiorari* will therefore be dismissed, with costs.