CITY OF MIAMI, *et al., Appellants,* v. E. B. ROMFH, *et al., Appellees.*

Opinion Filed November 4, 1913.

1.  Where courts act under special statutory authority in particular proceedings not known to the common law, the statutory provisions must be substantially followed in all material proceedings, otherwise the action taken is not authorized and is ineffectual.

2.  An interpretation of the language of a statute that leads to absurd consequences should not be adopted when, considered as a whole, the statute is fairly subject to another construction that will aid in accomplishing the manifest intent and the purposes designed.

3.  The provision of Chapter 6237, Acts of 1911, in providing a special statutory proceeding for the validation of county and municipal bonds that "prior to the hearing of said cause, the Clerk of the Circuit Court of the County in which it is to be heard shall also publish in a newspaper, at least twice before the hearing, a notice to the public that on the day specified the order providing for the hearing of said cause the same will be heard and designate the place of hearing," is by the context and purpose of the law shown to mean that the publication of the required notice to the public shall be made in the county where the bonds are to be issued.

City of Miami v Romfh—Opinion of Court.

4. Where an adjudication validating municipal bonds in a special statutory proceeding, unknown to the common law, is not had upon the notice required by the statute, such adjudication may be ineffectual, and if so, may be disregarded in an equity suit to enjoin the issue of the bonds.

5. A statutory requirement that notice of a special election to authorize the issue of municipal bonds shall be published "once a week for a period of thirty days" is not complied with where the first publication is on March 26th, and the last publication is on April 16th, following; and such a publication is a valid ground for enjoining the issue of the bonds, where the statutes makes the publication of the notice "once a week for a period of thirty days" a prerequisite to the issue of the bonds.

Appealed from Circuit Court, Dade County; J. W. Perkins, Judge.

Orders affirmed.

*J. L. Billingsley,* for Appellants;

*Atkinson, Gramling & Burdine,* for Appellees.

WHITFIELD, J.—This appeal is from an order enjoining the issue of bonds by the City of Miami. The bill of complaint alleges that the city council of the city of Miami adopted an ordinance entitled, "an ordinance authorizing the issue of bonds of the city of Miami, Florida, aggregating the sum of One Hundred Seventy Thousand Dollars, calling an election to determine the issuance of such bonds, and providing the method of holding the same." The ordinance does not appear in the transcript but it is alleged that in said ordinance "it was enacted among other things that the city of Miami was thereby authorized

to issue and sell bonds to the amount of One Hundred Seventy Thousand Dollars for municipal improvements, * * * provided the issue and sale of said bonds are ratified by two-thirds of the qualified voters of said city who shall be owners of real estate within said city, voting at a special election called and held for that purpose; * * * that the mayor * * * should issue his proclamation giving notice of such election * * * and that said proclamation shall be published once a week for thirty days next preceding said election." The particular municipal improvements contemplated are not stated in the bill of complaint.

It is further alleged that the notice of the prerequisite election on the proposition of issuing the bonds "was published once a week for the period of twenty-one days, instead of thirty days as provided by said ordinance;" that the requisite vote in favor of the bonds having been cast and announced, the bonds were "validated and confirmed" by the Circuit Judge under Chapter 6237, Acts of 1911; but that the notice of the validating proceedings required by said Chapter to be published by the Clerk of the Circuit Court was given by the Clerk of the Circuit Court for Monroe County by publication in Monroe County where the validating proceedings were heard by the Circuit Judge and not in Dade County wherein the city of Miami is situated by the Clerk of Dade County. These allegations are admitted by demurrer.

The charter act Chapter 6072, Acts of 1909, provides "that the city of Miami shall have power to issue and sell bonds for municipal improvements to the amount of fifteen (15) per cent of the assessed valuation of all real and personal property within the city limits as shown by the city assessment roll for the fiscal year; Provided, The issue and sale of such bonds are ratified by two-thirds of

the qualified voters of said city, who shall be owners of real estate within said city, at a special election called and held for that purpose.

Whenever it shall be deemed advisable to issue bonds of the city of Miami for any of the following purposes, to-wit: For raising money to be used in purchasing, constructing and maintaining waterworks; for the purpose of purchasing, constructing and maintaining gas works or an electric light plant; for the purpose of purchasing, constructing, maintaining and operating street railways and telephone systems; for the purpose of constructing and maintaining a system of sewerage, or otherwise promoting the health of the city; for the purpose of constructing, maintaining and operating a furnace or other device for destroying sewerage and garbage; for the purpose of opening, widening and paving the streets and sidewalks of the city, and for opening, constructing and maintaining public parks, promenades and public wharves and docks, whether located within or without the city limits; for the purpose of erecting public buildings; for the purpose of erecting school houses, and maintaining a system of public education; for the purpose of establishing and maintaining city hospitals; for the purpose of establishing and maintaining a fire department in said city; and for any one or more of said purposes, the Mayor and City Council of said city are hereby authorized to issue bonds of the said city, under the seal of the corporation, to the amount above limited. signed by the Mayor, countersigned by the President of the City Council and attested by the Clerk, with interest coupons attached, signed in like manner; Provided, however, That before the issue of said bonds the issuance thereof shall be ratified and approved by an affirmative vote of two-thirds of the electors who are owners of real property in the city, voting at an election called

and held for that purpose; which election shall be regulated by ordinance, setting forth the manner of conducting and certifying the same; after the same has been advertised in a newspaper published at Miami once a week for a period of thirty days, and at which election only resident voters, otherwise qualified, who shall also own property wihtin the city limits, and who shall have paid taxes thereon for the year when such taxes were last due, shall be entitled to vote."

Chapter 6237, Acts of 1911, providing for a special statutory proceeding in the Circuit Courts for the validation of county and municipal bonds, in prescribing notice of the proceeding expressly requires that "prior to the hearing of said cause, the Clerk of the Circuit Court of the county in which it is to be heard shall also publish in a newspaper, at least twice before the hearing, a notice to the public that on the day specified the order providing for the hearing of said cause the same will be heard and designate the place of hearing."

Where Courts act under special statutory authority in particular proceedings not known to the common law, the statutory provisions must be substantially followed in all material proceedings, otherwise the action taken is not authorized and is ineffectual.

In requiring the Clerk of the Circuit Court to give a specifically designated notice, the statute clearly contemplated that the notice should be by publication in the county where the bonds are to be issued so as to be effective for the purpose designed of giving notice to those of the county or city directly interested in the issue of the bonds. This is shown by the context and the purpose of the act. The statute requires the petition in the validating proceedings to be filed in the county in which the elec-

tion was held, addressed "to the Circuit Court of said county."

An interpretation of the language of a statute that leads to absurd consequences should not be adopted when, considered as a whole, the statute is fairly subject to another construction that will aid in accomplishing the manifest intent and the purposes designed. See Curry v. Lehman, 55 Fla. 847, 47 South. Rep. 18.

As the notice given to the public in the special statutory proceedings under which the bonds were validated was published in Monroe county by the Clerk of the Circuit Court in that county and was not given by publication in Dade County wherein the City of Miami is situated, as the statute required, the adjudication under the special statutory proceeding validating the bonds was unauthorized by the statute, and such adjudication was properly disregarded by the Chancellor in the equity suit to enjoin the issue of the bonds.

The statute under which the bonds were authorized expressly requires that the notice of election to be held for the purpose of approving the issue of the bonds shall be published "once a week for a period of thirty days." By demurrer it is admitted that the proclamation giving notice of the election "was published once a week for the period of twenty-one days, instead of thirty days;" and "that said proclamation was published only once a week for the period of twenty-one days in the 'Miami Metropolis,' a newspaper published at Miami, Florida, the first insertion being on the 26th day of March, A. D. 1913, and the last insertion being April 16th, 1913, as shown by the proof of publication attached to defendant's answer in the validating suit."

This publication of notice of the election was insufficient under the statute requiring the notice to be pub-

lished "once a week for a period of thirty days." The statute did not require merely "thirty days notice," or a publication once a week for four weeks, but a publication *once a week for a period of thirty days.*"

The statute makes the publication of the notice of the election a prerequisite to the issue of the bonds, therefore such publication is not merely formal and directory; and the required publication cannot be dispensed with upon the theory that it does not appear that the electors were misled by the failure to make the publication for the statutory period.

The orders appealed from are affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.