BOARD OF COMMISSIONERS OF RUTHERFORD v. SECURITY TRUST COMPANY.

(Filed 10 December, 1913.)

**Taxation—Bond Issues—Polling Places—Notice.**

While it is required, for the purpose of submitting to the vote of the people the question of issuing bonds, that a correct notice of the polling places be given, this requirement is fully met when the voting places have been established and are well known to the entire electorate of the county, and the voters were fully and formally notified that the election would be held on the specified date "at the various voting precincts of the county as they are now established." Revisal, sec. 4305.

APPEAL by defendant. from *Justice, J.,* at Fall Term, 1913, of RUTHERFORD.

Controversy without action, involving the validity of a proposed bond issue, submitted to Judge M. H. Justice, holding court in the Eighteenth Judicial District. An election having been held under an act of the General Assembly on the question of issuing bonds for road improvement in the county for the sum of $250,000, the measure was approved by the voters; the bonds prepared and contracted to defendant .company, who .refused to accept same, on the ground that in giving the general notice of election the polling places were not specially named. The notice, otherwise full and sufficient, notified the voters that an election would be held on the day stated, "at the various voting precincts of said county as they are now established, and upon said date the polls will be opened at sunrise and closed at sunset, when and where said voters are requested to cast their votes." They did appear at the various precincts of the county, a full vote was cast, and the issuance formally approved. His ·Honor gave judgment as follows:

This cause coming on to be heard on statement of case in submitting controversy without action, and the same being heard, the court finds the facts as set out in such statement.

It is adjudged, ordered, and decreed, that the notice of election published by the county commissioners, and· signed by W. G. Harris, chairman .of said board, and dated 8 March, 1913, is in all respects valid and in accordance with law. It was not necessary to state the polling places in said notice under the circumstances under which the election was held. The polling places were fixed and permanent and had been used as such in previous elections, and all electors knew or were presumed to know the polling place in the precinct where he resided and where he was entitled to vote. The court adjudges that the notice of said election was legal and ample for the purpose of said bond election. And it is further ordered, that the defendant accept and pay for said bonds and pay the costs of this proceeding.                    . (Signed)   M. H. JUSTICE,

This 18 November, 1913.          *Judge Superior Court.*

Defendant excepted and appealed.

_S. Gallert for plaintiff._
_S. M. Wetmore for defendant._

HOKE, J. The judgment of his Honor is fully approved. It is well understood that a correct notice of the polling places is considered of the substance, and must be properly given; but the notice in this instance fully meets the requirements of the law. These voting precincts must be formally established, and can be moved or changed only after due inquiry and notice fully given. Revisal, sec. 4305. They are known to the entire electorate of the county, and when the voters were publicly and formally notified that the election would be held on the specified date, "at the various voting precincts of the county as they are now established," the notice conveyed as full and ample information as could well be given, and on the facts in evidence we think his Honor was fully justified in declaring that "the polling places were fixed and permanent and had been used as such in previous elections, and all electors knew or were presumed to know the polling place in the precinct where he resided and where he was entitled to vote," a position which finds further support in the full expression had from the voters on the question submitted.

The judgment of the lower court approving the validity of the bonds is affirmed. This will be certified, that the contract between the parties may be properly enforced.

Affirmed.