(April 16, 1921.)

PHILIP WEISGERBER, Appellant, v. NEZ PERCE COUNTY, a Municipal Corporation, Respondent.

[197 Pac. 562.]

ELECTIONS—POSTING OF NOTICES—MANDATORY AND DIRECTORY PROVISIONS OF THE STATUTE.

1. Under a statute which provides that the notices of an election posted in the several precincts shall name the place of holding such election, the designation of the polling place in the notice as "the usual voting place" is a substantial compliance

with the statute where it appears that there were no changes in the boundaries of the election precincts, or in the polling places, for seven years preceding the election.

2. Statutory directions as to the time and manner of giving notice of elections are mandatory upon the officers charged with the duty of calling the election, and will be upheld strictly in a direct action instituted before an election; but after an election has been held, such statutory requirements are directory unless it appears that the failure to give notice for the full time specified by the statute has prevented electors from giving a full and free expression of their will at the election or unless the statute contains a further provision to the effect that failure to give notice for the statutory time will render the election void.

3. The failure of the electors to organize an election board and take part in the election in two precincts of the county does not invalidate the election.

4. Proof by affidavit of the posting of notices of election is not required to be filed with the board of county commissioners. The facts with reference to the posting of notices may be determined by any competent proof.

5. The law does not require that notices of election be posted by designated officials only. They may be posted by private citizens.

APPEAL from the District Court of the Tenth Judicial District, for Nez Perce County. Hon. Wallace N. Scales, Judge.

Action to enjoin the issuance of county road and bridge bonds. *Judgment of dismissal affirmed.*

Ewing W. Stephens, for Appellant.

Since the law does not fix the time for holding special elections, the provisions of the law as to notice are mandatory, and the election is void unless notice is given in the manner provided by the statute. (*State v. Echols*, 41 Kan. 1, 20 Pac. 523; *Guernsey v. McHaley*, 52 Or. 555,

2. Necessity for notice or proclamation of election, see note in 120 Am. St. 794.

98 Pac. 158; *Hatfield v. City of Covington,* 177 Ky. 124, 197 S. W. 535.)

"The failure to publish the notice of a special election for the full time required by law is a fatal defect rendering the election void and preventing the lawful issuance of bonds which depend upon it for their validity." (*Eberhardt Const. Co. v. Board of Commrs. of Sedgwick Co.,* 100 Kan. 394, 164 Pac. 281; *Shinall v. City of Cartersville,* 144 Ga. 219, 87 S. E. 290.)

The failure to post notices of election as required by statute is fatal. (*Montgomery County Commrs. v. Henderson,* 122 Md. 533, 89 Atl. 858.)

Leo McCarty and Eugene A. Cox, for Respondent.

It is essential that the electors should have notice of the time, place and objects of the election—that is, they should have knowledge of them; but an omission to follow the particular mode provided by statute for publishing such notice may not render the election void, and will not, if the electors have actual notice, and do, in fact, take part in the election. (McCrary on Elections, 4th ed., par. 178, p. 134; *Dishon v. Smith,* 10 Iowa, 212; *Huffaker v. Edgington,* 30 Ida. 179, 163 Pac. 793; *Lansdon v. State Board of Canvassers,* 18 Ida. 596, 111 Pac. 133; *McGrane v. County of Nez Perce,* 18 Ida. 714, Ann. Cas. 1912A, 165, 112 Pac. 312, 32 L. R. A., N. S., 730; *Harper v. Dotson,* 32 Ida. 616, 187 Pac. 270; *Baker v. Scott,* 4 Ida. 596, 43 Pac. 76; *Bowers v. Smith,* 111 Mo. 45, 33 Am. St. 491, 20 S. W. 101, 16 L. R. A. 754.)

"The principle underlying all these decisions is that the rights of the voters should not be prejudiced by the errors or wrongful acts of the election officers, unless it be made to appear that a fair election was prevented by reason of the alleged irregularities." (*Pickett v. Board of County Commrs.,* 24 Ida. 200, 133 Pac. 112; *Ball v. Campbell,* 6 Ida. 754, 59 Pac. 559; *Platt v. City of Payette,* 19 Ida. 470, 114 Pac. 25; *Corker v. Village of Mountainhome,* 20 Ida.

32, 116 Pac. 108; *Sommercamp v. Kelly,* 8 Ida. 712, 71 Pac. 147.)

Defects in the form, posting and publication of notices of election are considered and the authorities are reviewed in *Town of Grove v. Haskell,* 24 Okl. 707, 104 Pac. 56; *Hill v. Skinner,* 169 N. C. 405, 86 S. E. 351; *Wheat v. Smith,* 50 Ark. 266, 7 S. W. 161; *Gollar v. City of Louisville,* 187 Ky. 187, 448, 219 S. W. 421; *Leary v. Young,* 55 Mont. 275, 176 Pac. 36.

Where the result of the election is not affected, the failure to designate polling places or the designation of the polling places as "the usual voting place" or "the regular voting place" is immaterial. (*Manly v. Board of Commrs.,* 46 Colo. 491, 104 Pac. 1045; *Kline v. Mayor and Council of Streator,* 78 Ill. App. 42; *State v. Hackman,* 273 Mo. 670, 202 S. W. 7; *Hurd v. City of Fairbury,* 87 Neb. 745, 128 N. W. 638; *Board of County Commrs. v. Security Trust Co.,* 164 N. C. 301, 80 S. E. 230; *State v. Carbon County,* 36 Utah, 394, 104 Pac. 222; *Moyle v. Board of County Commrs.,* 53 Utah, 352, 178 Pac. 918.)

RICE, C. J.—This action was commenced by appellant, a resident and taxpayer of Nez Perce county, to enjoin the issuance of bonds for the purpose of constructing and repairing roads and bridges.

Appellant contends that the election authorizing issuance of the bonds was illegal, for the reason that the notices posted in the various precincts of the county were insufficient in the following particulars:

(1) That the notices posted in the several precincts did not describe the polling place in each precinct with particularity, but only as "the usual voting place."

(2) That in six of the twenty-five voting precincts of the county, the notices were not posted for twenty days as required by the statute, but for a less time ranging from ten to nineteen days.

(3) That in two precincts an election was not held because of failure of the electors therein to organize.

(4) That in two precincts, no affidavits of posting were filed.

(5) That notices of election were not posted by officers of the law, but by private citizens.

We will take up and discuss in order the objections of appellant as set out above.

First: The court found that there had been no changes in the boundaries of the election precincts, nor in the polling places, for seven years preceding the election in question. The designation of the place where the election would be held as "the usual voting place" was sufficient to apprise the voters of the actual place where the polls would be opened. The notice, specifying that the election would be held at "the usual voting place" was a substantial compliance with the requirements of the statute. (*Hurd v. City of Fairbury*, 87 Neb. 745, 128 N. W. 638; *Board of County Commrs. v. Security Trust Co.*, 164 N. C. 301, 80 S. E. 230; *State v. Bernier*, 98 Minn. 1, 38 N. W. 368.)

Second: Our statute (C. S., sec. 3527) contains the following provision: "The notices herein provided for shall be posted, or posted and published, at least twenty days before such election."

It is evident that the requirement as to time cannot be substantially complied with unless it is literally complied with. A requirement that the notice shall be posted at least twenty days cannot be substantially complied with by posting for a less number of days. The question relates to the mandatory nature of the statute.

In some jurisdictions it is held that a strict compliance with the statutory requirements as to the time of giving notice of an election is an essential prerequisite to its validity. (*City of Miami v. Romfh*, 66 Fla. 280, 63 So. 440; *Guernsey v. McHaley*, 52 Or. 555, 98 Pac. 158; *State v. Staley*, 90 Kan. 624, 135 Pac. 602; *Hatfield v. City of Covington*, 177 Ky. 124, 197 S. W. 535; *State v. Echols*, 41 Kan. 1, 20 Pac. 523; *Montgomery County Commrs. v. Henderson*, 122 Md. 533, 89 Atl. 858.)

However, we are of the opinion that the correct rule, and the one supported by the great weight of authority, may be stated as follows: Statutory directions as to the time and manner of giving notice of elections are mandatory upon the officers charged with the duty of calling the election, and will be upheld strictly in a direct action instituted before an election; but after an election has been held, such statutory requirements are directory unless it appears that the failure to give notice for the full time specified by the statute has prevented electors from giving a full and free expression of their will at the election, or unless the statute contains a further provision, the necessary effect of which is that failure to give notice for the statutory time will render the election void. (*Napton v. Meek*, 8 Ida. 625, 70 Pac. 945; *Harper v. Dotson*, 32 Ida. 616, 187 Pac. 270; *Lansdon v. State Board of Canvassers*, 18 Ida. 596, 111 Pac. 133; *Hill v. Skinner*, 169 N. C. 405, 86 S. E. 351; *Jones v. State*, 153 Ind. 440, 55 N. E. 229; *Town of Grove v. Haskell*, 24 Okl. 707, 104 Pac. 56; *Ellis v. Karl*, 7 Neb. 381; *Seymour v. City of Tacoma*, 6 Wash. 427, 33 Pac. 1059; *State v. Doherty*, 16 Wash. 382, 58 Am. St. 39, 47 Pac. 958; *Wheat v. Smith*, 50 Ark. 266, 7 S. W. 161; *City of Albuquerque v. Water Supply Co.*, 24 N. M. 368, 174 Pac. 217; *Lowe v. Consolidated School Dist.*, 79 Okl. 115, 191 Pac. 737, 5 L. R. A. 519; *City of Loveland v. Western Light & Power Co.*, 65 Colo. 55, 173 Pac. 717; *Backus v. City of Virginia*, 123 Minn. 48, 142 N. W. 1042; *People v. Avery*, 102 Mich. 572, 61 N. W. 4; *Hicks v. Krigbaum*, 13 Ariz. 237, 108 Pac. 842; *State v. Lentz*, 50 Mont. 322, 146 Pac. 932; *Fike v. State of Ohio*, 4 Ohio C. C. Rep.; N. S., 81; *State v. Carroll*, 17 R. I. 591, 24 Atl. 835; *Demaree v. Johnson*, 150 Ind. 419, 49 N. E. 1062, 50 N. E. 376; *State v. Gordon*, 242 Mo. 615, 147 S. W. 795; *Hearn v. Commrs. Blount County*, 182 Ala. 392, 62 So. 535; *Brown v. Street Lighting Dist.*, 69 N. J. L. 485, 55 Atl. 1080; *Hurd v. City of Fairbury, supra; Dishon v. Smith*, 10 Iowa, 212; *Gollar v. City of Louisville,* 187 Ky. 448, 219 S. W. 421; McCrary on Elections, 4th ed., p. 133, sec. 177

et seq.; 20 C. J., p. 99, sec. 84; 15 C. J., p. 619, sec. 330; 9 R. C. L., p. 993, sec. 15.)

The court found that the electors of the county were fully informed as to the time, place and purpose of holding the election, and as to the polling-place in each precinct where the votes would be received. The court also found that none of the defects above referred to affected the result of the election. It is not averred in the complaint, nor shown by the record, that any elector was deprived of his vote by reason of the fact that notices were not posted the statutory length of time in the five precincts. The court further found affirmatively that none of the electors failed to vote by reason of any of the irregularities mentioned in the complaint.

We are of the opinion that the election was not illegal or void on account of the defects in the posting of notices in the five precincts of the county.

Third: Under the statute, any of the electors may organize an election board in case the members thereof appointed for that purpose do not appear and open the polls. The law does not compel electors to cast their votes.

Fourth: The statute does not require proof by affidavit of the posting of the notices to be filed with the board of county commissioners. The commissioners may have other means of establishing the facts. Their record recites that the notices were duly posted, and the court found as a fact that notices in the two precincts mentioned were posted for the full period of twenty days.

Fifth: The law does not specify by whom the election notices must be posted. They may be posted by private citizens, as well as by officers. The essential thing toward which the statute is directed is the posting of the notices. (*State v. Sengstacken*, 61 Or. 455, Ann. Cas. 1914B, 230, 122 Pac. 292.)

The judgment is affirmed. Costs awarded to respondent.

Budge, McCarthy, Dunn and Lee, JJ., concur.