156 So.2d 677 (1963)
Bernard SHARON, Appellant,
v.
The STATE of Florida, Appellee.
No. 62-28.
District Court of Appeal of Florida. Third District.
September 17, 1963.
On Rehearing October 23, 1963.
*678 George S. Okell, Sr., Miami, for appellant.
Richard W. Ervin, Atty. Gen., and Leonard R. Mellon, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and CARROLL and HENDRY, JJ.
BARKDULL, Chief Judge.
The appellant seeks reversal of convictions of operating a gambling room, aiding and abetting a lottery, bookmaking and possession of lottery tickets, upon which convictions he was sentenced to various terms in both the State penitentiary and the County jail.
The appellant on this appeal seeks reversal upon three propositions: (1) whether the trial court erred in denying the appellant's motion to suppress evidence seized in an allegedly illegal search and seizure; (2) that the convictions and sentences thereon are not sustained by substantial evidence; and (3) whether the sentences were properly imposed.
As to the first proposition, the appellant filed a motion to suppress the evidence seized, pursuant to a search warrant, on the ground that the warrant was illegally executed in that while the warrant was directed to "all and singular the Sheriffs and/or Deputy Sheriffs of Dade County, Florida, or any Constable of said County: * * *", *679 [the office of Sheriff of Dade County, Florida, is non-existent having been abolished by law], the warrant was actually served by a Deputy Metropolitan Sheriff of Dade County, in violation of § 933.08, Fla. Stat., F.S.A., which reads as follows:
"The search warrant shall in all cases be served by any of the officers mentioned in its direction, but by no other person, except in aid of the officer requiring it, said officer being present and acting in its execution." [emphasis added]
The appellant here, in advancing the foregoing argument, has pointed out a distinction without a difference and any attempt by this court to lend credence to such an argument would violate the universal rule that statutes must be so construed as to avoid absurd results. See: City of Miami v. Romfh, 66 Fla. 280, 63 So. 440; Johnson v. State, Fla. 1956, 91 So.2d 185. The direction of a search warrant to a sheriff and/or deputy sheriff constitutes a command to that person who performs the duties pertaining to the office of sheriff. Therefore, as the duties and functions of the office of sheriff in Dade County are vested in the Metropolitan Sheriff of Dade County, the direction of the search warrant in the instant case, "To the Sheriff and/or Deputy Sheriffs of Dade County * * *", constitutes a sufficient identification of the Metropolitan Sheriff valid and within the scope and intent of § 933.08 Fla. Stat., F.S.A., supra. In so holding, we hereby affirm the lower court's refusal to suppress the evidence obtained under the search warrant in the instant case.
As to the second proposition, the appellant questions the sufficiency of the evidence to support the convictions below. Upon such an assignment of error, the appellate court merely examines the record with the view of determining whether or not substantial evidence to support the verdict is present and should evidence of that character be found, to affirm the verdict. See: Thornton v. State, 141 Fla. 471, 193 So. 537; Zalla v. State, Fla. 1952, 61 So.2d 649. The record in the instant case has been examined, in light of the foregoing principles, and there appears substantial evidence to support the verdict.
The last proposition is that the sentences were improperly imposed. In the case sub judice judgment and sentence was imposed under each of four counts for gambling law violations. As to Count One, operating a gambling room, two years in the State penitentiary; as to Count Two, aiding and assisting in the setting up, promoting or conducting of a lottery, one year in the County jail; as to Count Three, bookmaking, one year in the County jail; as to Count Four, possession of lottery tickets, etc., one year in the County jail; the last three sentences to run concurrently with the two-year sentence as to Count One. Two of those counts [aiding and assisting in the setting up, promoting or conducting a lottery, and the possession of lottery tickets or evidence of a share or right in certain lottery tickets, lottery schemes or devices] of which the appellant was found guilty constituted two facets of one transaction. The trial court erred in sentencing the appellant on each count. Only one sentence is applicable and that sentence should be on the highest offense charged. See: Williams v. State, Fla. 1953, 69 So.2d 766; Tribue v. State, Fla.App. 1958, 106 So.2d 630.
A further review of the sentences imposed reveals that the trial court has, in a single sentence, sentenced the appellant as to Counts Two, Three and Four of the Information [aiding and assisting in setting up a lottery, bookmaking, and possession of lottery tickets, etc., respectively] to confinement in the Dade County Jail for a term of one (1) year, the sentence to run concurrently with the sentence imposed in Count One of the Information. This sentence is clearly erroneous. We have already held the sentence pertaining to Counts Two and *680 Four was erroneous, as Count Four was a lesser included offense of Count Two. Furthermore, Count Two is a felony, as set out in § 849.09(2) Fla. Stat., F.S.A., punishable by confinement in the State prison. Therefore, it was error to sentenced the appellant to the Dade County Jail on that count. As the appellant was sentenced to Counts Two, Three and Four in a single sentence and as that sentence is erroneous, we must remand this cause to the lower court for proper sentencing on Counts Two and Three of the Information.
In no event should this opinion be construed as deciding the merits of the convictions upon the misdemeanor charges, as these convictions will be reviewable following appropriate sentencing in the Circuit Court of Dade County, pursuant to Article V, §§ 5, 6 of the Constitution of the State of Florida, F.S.A.
A careful consideration of the record reveals no prejudicial error as to the conviction, judgment and sentence upon Count One and thus said judgment and sentence is hereby affirmed. This cause is hereby remanded to the trial court to impose proper sentencing as to other counts, in accordance with this opinion.
Affirmed in part and remanded, with directions.

ON PETITION FOR REHEARING
PER CURIAM.
It having been pointed out by Petition for Rehearing that, in rendering the original opinion in this cause, we overlooked and failed to consider the provisions of § 922.05(1), Florida Statutes, F.S.A., under which statute it is permissible (where imprisonment is directed in the State Penitentiary and is for a term of less than 5 years) for the trial judge to direct the defendant be incarcerated in a county jail. Therefore, so much of our previous opinion which indicated that the sentencing upon the conviction of Count 2 was erroneous is hereby receded from.