JAMES A. QUINN vs. JAMES C. MARKOE.

November 22, 1887.

**Elections—De Facto Judges of Elections.**—The acts of election officers *de facto*, being in under color of election or appointment, are valid as to third parties and the public; and it is no ground for the rejection of the vote of an election precinct that some of the judges of election did not possess the qualifications required by law.

**Same—Ballots—"Stickers."**—A "sticker" or "paster" containing the name of a candidate, and attached to the face of a ballot, is not a "cut or device to distinguish one ballot from another," within the meaning of Gen. St. 1878, c. 1, § 82.

At the general election held in November, 1886, James A. Quinn and James C. Markoe were opposing candidates for the office of coroner of Ramsey county. The board of canvassers found that Markoe had received the highest number of votes, and duly declared him to be elected. Quinn served notice of appeal to the district court, where the contest was tried and a recount made before *Simons*, J., who found that Quinn received the highest number of votes and was duly elected. Judgment was entered accordingly, from which Markoe appeals.

*C. D. O'Brien* and *I. V. D. Heard*, for appellant.

*Henry Johns* and *M. D. Munn*, for respondent.

MITCHELL, J. Appellant's assignments of error may all be reduced to three:

1. That, under the respondent's notice of contest, no evidence was admissible as to the actual vote cast in any election precinct, except the First and Second of the Second ward of St. Paul. It is unnecessary to consider this, for the reason that the recount in the

other precincts was more favorable to' appellant than the returns of the judges of election. Hence the admission of the evidence, if error, was error without prejudice.

2. That the court erred in receiving the return for the town of New Canada, for the reason that two of the judges of election were disqualified because they could not read the English language. There is no claim that these judges made any mistake, or that the votes cast for appellant in that town were not all counted for him. Assuming, without deciding, that these judges were, for the reason stated, not qualified to act, there is nothing better settled than that the acts of election officers *de facto*, being in under color of election or appointment, are valid as to third parties and the public. The doctrine that electors may be disfranchised because one or more of the judges of election did not possess all the qualifications required by law, finds no support in the decisions of any judicial tribunal. *Taylor* v. *Taylor*, 10 Minn. 81, (107.)

3. That the court erred in counting for respondent 108 ballots "having his name printed in blue ink on pasters attached to said ballots on the face thereof," and immediately below the words "For Coroner." The evidence shows that respondent had these "stickers" or "pasters" printed and distributed, so that they might be pasted over the printed name of his opponent, on the tickets of the opposite party. There is no evidence that they were intended or operated as a means of distinguishing one ballot from another. It was simply the common form of "stickers" pasted on the face of the ticket. This is no more a violation of the provisions of Gen. St. 1878, *c.* 1, § 82, than it would be for an elector to erase the printed name of one candidate and write on the face of the ballot the name of another. The prohibition of the statute is against using a ballot containing any cut or device on its face, or any cut or device, or any written or printed matter, on its back, made to distinguish one ballot from another. The purpose is to protect the secrecy of the ballot, so as to secure the voter against intimidation, and not to compel men to vote the "straight ticket."

Judgment affirmed.