SLATE *et al. v.* MAYOR AND COUNCIL OF BLUE RIDGE.

SIMMONS, C. J.   1. Where the General Assembly passed a local act appertaining to a named municipality, and therein declared that, before such act should become operative, it should be submitted to the qualified voters of the municipality, and that if the act failed of adoption the same might, after the expiration of twelve months from the first election, be submitted to another election, a second election which was actually held more than twelve months after the first was not void merely because the call fixing its date was made and notice thereof published before the twelve months had expired.

2. Where a municipality is authorized to hold an election on the question of adopting an act for the establishment of public schools, and it has no authority of law for ordering a registration, the test for arriving at the number of qualified voters is that prescribed in section 380 of the Political Code, viz.: " The tally-sheets of the last general election held in said  .   .  municipality  .   .  shall be taken as a correct enumeration of the qualified voters thereof."   If the votes in favor of adopting the act equal or exceed two thirds of the number cast at that election, the act becomes operative ; otherwise, it does not.   The general registration law does not apply to municipal corporations.   *Floyd County* v. *State of Georgia*, 112 *Ga.* 794, and cases cited.

3. Although one of the managers at such election may not have been a freeholder, he was a de facto manager, and his disqualification would not, of itself, render the election void, there being no allegation of fraud or that the election was not fair and free.   *Collins* v. *Huff*, 63 *Ga.* 207 ; McCrary, Elections, § 247 et seq. ; Paine, Elections, § 377 et seq.  As shown by the minutes of this court, though it does not so appear in the official report, the case of *Walker* v. *Sanford*, 78 *Ga.* 165, was decided by but two Judges ; and therefore it is not binding and, as to this point, will not be followed.

4. While the act in reference to the establishment of a public-school system in Blue Ridge required that elections relating to the adoption of such act should be held under the same rules and regulations as those required in elections for mayor and council, and the charter of the municipality required elections for these officers to be held at the court-house, yet as it appears that no court-house had been erected in the town and turned over to the county at the time of the election now in question, the same was not invalid, it having been held at a place within the corporate limits where the municipal business was transacted. .  Political Code, § 69 ; *Longworthy* v. *Featherston*, 65 *Ga.* 165.

*Judgment affirmed.   All the Justices concurring.*

Argued May 20, — Decided May 27, 1901. '

Petition for injunction.    Before Judge Gober.    Fannin superior court.    March 11, 1901.

*Morris & Green* and *M. J. German*, for plaintiffs.    *T. A. Brown,* *O. R. Dupree*, and *Smith, Hammond & Smith*, for defendant.