HOUSTON *v.* THOMAS *et al.,* trustees.

No. 6474. FEBRUARY 15, 1929. REHEARING DENIED MARCH 1, 1929.

*W. I. Geer* and *P. Z. Geer,* for plaintiff in error.

*Lowrey Stone* and *A. H. Gray,* contra.

ATKINSON, J. On June 24, 1927, a petition to the ordinary of Early County was filed, for call of an election in the Lucille Consolidated School District, upon the question of levying a local tax for support of the schools. On June 27 the ordinary called an election to be held at Byron Schoolhouse on July 16, 1927. An election was held at the time and place as provided in the order. The trustees of the Lucille Consolidated School District issued an order dated August 2, 1927, calling an election to be held September 9, 1927, "at the Byron Schoolhouse" in said district, to determine whether bonds shall be issued for the purpose of building and equipping a schoolhouse for said consolidated school district. The trustees then proceeded to advertise the notice of election. C. P. Houston, alleging himself to be a resident and tax-payer, instituted an action against the trustees, seeking to enjoin them from levying a local tax on the basis of the election relating to that subject, and

from further advertisement of the notice of election relating to issuance of bonds, and from holding that election. The judge sustained demurrers to portions of the petition and amendments thereto, and refused a temporary injunction. The plaintiff excepted.

■ Under the pleadings and the evidence the judge was authorized to find that the County of Early had been lawfully laid out into school districts, and that the Lucille Consolidated School District had been lawfully created and was a valid political subdivision of the State, within the meaning of the statutes referred to in the subsequent divisions of this decision.

■ It is declared by statute: "Whenever the citizens of any school district wish to supplement the funds received from the State public-school fund by levying a tax for educational purposes, they shall present a petition from one fourth of the qualified voters of the district to the ordinary, who shall order the election not earlier. than twenty days, nor later than sixty days, after the petition is received: Provided, that notice of the same shall be posted in at least three conspicuous places in the district ten days prior to the election. The election shall be held at a time and place prescribed by the proper authorities, and under rules governing ordinary elections. Those favoring local taxation for public schools shall vote 'For local taxation for public schools.' Those opposed shall vote 'Against local taxation for public schools.' The returns of said election shall be made to the ordinary of the county, who shall declare the result, and two thirds of those voting shall be necessary to carry the election for local taxation for public schools. No person shall vote in said election except the regularly qualified voters residing in the district six months prior to the election. An election for the same purpose shall not be held oftener than every twelve months." Civil Code (1910), § 1535, 8 Park's Code Supp. 1922, § 1438(h): Michie's 1926 Code, § 1551(133): Ga. Laws 1919, pp. 288, 338, sec. 124.

(*a*) The words "proper authorities," as employed in the sentence, "The election shall be held at a time and place prescribed by the proper authorities, and under rules governing .ordinary elections," refer to the ordinary in the several counties of the State, that officer being the one to authorize calls for such elections and to receive the election returns and to declare the result.

(*b*) The phrase, "under rules governing ordinary elections,"

as employed in the foregoing excerpt, refers to the general law relating to the manner of holding elections for members of the General Assembly as embodied in the Civil Code (1910), §§ 76 et seq.

(c)  The phrase, "under rules governing ordinary elections," must be construed in connection with the other provisions of the statute considered in its entirety; and in so far as the "rules governing ordinary elections," as defined above, conflict with any of the provisions of the said statute, the former must yield to the latter.

(d)  The territory included in the school district might include territory not embraced in the militia district in which the general election precinct existed, and the general law makes no provision by which voters residing in the school district outside of the militia district in which the election precinct is located may vote at such precincts.

(e)  Under such construction of the statute the ordinary of a county to whom a petition is presented to call an election upon the question of levying a local tax for the support of public schools may prescribe in his order the time and place in the school district for holding the election.  He is not required to order the election held on any regular election day or at regular election precincts that may have been established by the general law for holding elections for members of the General Assembly.

(f)  The statute first above quoted must be considered also in connection with section 141 of the Code of School Laws (Ga. L. 1919, pp. 288, 345; 8 Park's Code Supp. 1922, § 1438(y); Michie's Code 1926, § 1551(153), which is in identical language with § 1544, included in article 9 of chapter 4 of title 11 in the Code of 1910, providing: "All elections held under the provisions of this Article shall be governed as to registration and qualifications of voters as the general law governing special elections provides."

(g)  The said statute must also be considered in connection with "the general law governing special elections." The law on that subject was embodied in § 61 of the Civil Code of 1910.  The act of 1911 (Ga. Laws 1911, p. 167) expressly declared that code section "repealed" and substituted other provisions relating to the subject.  Such was the status when the Code of School Laws was enacted in 1919, which contained the provision quoted in the paragraph next preceding.

(h)  When the statute first above quoted is considered and

construed as hereinbefore indicated, it is sufficiently definite, and it makes ample provision for holding elections in consolidated school districts on the question of levying local taxes for the support of public schools, for registration of voters for such elections, and for ascertainment of the result.

(*i*) The said statute does not declare that the amount of tax desired to be levied shall be "specified" in the petition to the ordinary, or that the petition should specifically allege that the petitioners constitute "one fourth of the qualified voters of the district."

■ ˙ Where a petition to the ordinary for call of an election under the statute is *in fact* signed by one fourth of the qualified voters in the district, but does not mention the amount of the tax to be levied, and the ordinary entertains the petition and grants an order calling an election in which is stated the amount of tax desired to be levied and that petitioners constitute one fourth of the qualified voters of the district, neither the petition nor the order calling the election will be void on the ground that the petition fails to "specify" the amount of the tax, or to allege that the petitioners constitute one fourth of the qualified voters of the district. This ruling comports and is not in conflict with the decision of this court in *Montgomery* v. *Atlanta,* 162 *Ga.* 534 (134 S. E. 152, 47 A. L. R. 233).

■ The petition for call of an election to levy a local tax involved in this case was addressed to the ordinary, was signed by eighty-two persons, and contained the allegations: "We, the undersigned, being qualified voters residing in the Lucille Consolidated School District, do petition you to call or have called by the proper authorities an election for local tax, this tax to be used for the interest of our school." The ordinary's order on this petition stated: "More than one fourth of the registered qualified voters of the Lucille Consolidated School District having filed their petition asking that an election be held in said district to determine whether or not the property in said district should be taxed five mills on the dollar to supplement the funds received from the State public-school funds: It is therefore ordered that an election be held at Byron Schoolhouse in said district on Saturday, July 16, 1927, for this purpose." Neither the petition nor the order was void on the ground of indefiniteness, or on the ground that it appeared upon the face of said petition and

order that the ordinary was without jurisdiction to entertain the petition for the grant of the order.

■ The posting of a copy of the order for election, bearing the signature of the ordinary, according to the provisions of the statute set out at the beginning of the second division of this opinion, "that notice of the same shall be posted in at least three conspicuous places in the district ten days prior to the election," is sufficient compliance with that provision of the statute. The order so signed by the ordinary substantially and plainly informs the voters that an election will be held at the time and place and for the purpose set forth therein; and it is unnecessary to make an additional reference to the election or other statement to the effect that the paper posted is intended as a notice of the election.

■ It is declared in section 2 of the act of 1911 (Acts 1911, p. 167), Park's Code, § 61: "Within five (5) days after the call of said special election, the tax-collector shall close his voters' books, and within five (5) days thereafter he shall file with the county registrars an accurate and complete list of all names signed in said voters' books since the close of the voters' books for the last general election and not before filed with said registrars for the last general election, said list to be made out and arranged as provided in section 48. Within five days thereafter the registrars shall file with the clerk of the superior court said supplemental registration list showing the names of additional voters who are entitled to vote at said special election, and any person whose name appears upon said list may vote at such special election and at any primary to nominate candidates for offices to be filled at such special election; but the registrars shall purge said list, before filing it, of all persons who will not be qualified to vote at said election, in the same manner as preparing and purging the registration list for the general election. It shall furthermore be the duty of the registrars, upon the call of a special election, to purge the list of registered voters, prepared for the last general election, of any names subsequently disqualified by failure to pay taxes becoming due subsequent to the last general election, and it shall be the duty of the registrars to furnish to the managers of said special election two (2) lists, one composed of the list of voters entitled to vote by reason of their registration for the last general election, and the other made up of those entitled to vote by their subsequent registration as herein-

before provided for, . . and no one shall be entitled to vote . . in said special election . . . unless his name is upon one of the lists 'furnished by the registrars." It is insisted in the briefs of the attorneys for the defendant in error that the foregoing statute is unconstitutional. If the statements as to unconstitutionality of the act were sufficiently definite to present a question for decision by this court on that subject, such question could not be raised for the first time in the briefs filed in this court.

■ Under the provisions of the statute quoted in the second division of this opinion, the election therein referred to must be submitted to all the qualified voters of the district. Registration is now a qualification of voters. *Goolsby* v. *Stephens,* 155 *Ga.* 529 (2) (117 S. E. 439-), cited and followed in *Fairburn School District* v. *McLarin,* 166 *Ga.* 867, 870 (144 S. E. 765). Elections of the character above mentioned are special elections within the meaning of the above-quoted provisions of the act of 1911, and compliance with the requirements of said provisions as to registration for special elections is essential to the validity of such elections.

(*a*) The above-quoted provisions of the statute relating to registration for special elections contemplate registration for special elections throughout the county at large; but when considered in connection with the provisions of the statute quoted in the second division of this opinion, such provisions for registration may be applied locally to the district in which the election is called; and in so applying the statute locally, the privilege of registering after the last general election should be extended to all of the citizens of the district qualified to register.

(*b*) The court erred in striking paragraph 7 of the original petition, relating to alleged failure to comply with the provisions of the statute providing for registration of voters for special elections; and in refusing to enjoin the levy of the tax in pursuance of the election.

■ The foregoing rulings have reference to the subject of elections to be called by the ordinary under a particular statute relating to levy of a local tax for support of schools in a school district. A different statute refers to elections to be called by trustees of the school district relating to issue of bonds to build and equip schoolhouses. This statute is found in section 143 of

the Code of School Laws (Acts 1919, pp. 288, 345) as amended
by the act of 1921 (Acts 1921, pp. 221, 224). The pertinent por-
tion of that act is: "When one fourth of the registered qualified
voters of a . . consolidated [school] district, . . in which a
local tax is now or may hereafter be levied for school purposes
. . shall be filed with the board or trustees . . of . . such
a . . consolidated district, . . a petition asking for an elec-
tion for the purpose of determining whether or not bonds shall be
issued for the purpose of building and equipping a schoolhouse or
houses for said . . consolidated district, . . the required
number of petitioners to be determined by said board of trustees,
. . it shall be the duty of said board of trustees, . . to fix
the amount, denomination, rate of interest, and dates when due,
and call such election in terms of law now provided for a county
issue of bonds, except as herein otherwise provided. The said board
of trustees, . . in case the election is for a bond issue, shall
follow the law as required of county authorities as embodied in
section 440 et seq. of the Code of 1914, volume 1, in the issue
thereof. Said board of trustees . . may order such election to
be held on the school site, or other suitable place, in the . . con-
solidated district, . . of which they shall give notice by post-
ing [the same] at their [three] public places in said . . con-
solidated district, . . not less than ten days previous to said
election. None but registered qualified voters shall be permitted
to vote in said election. The tax-collector shall furnish a certified
list of registered voters in such . . consolidated district . .
to the managers of the election ten (10) days before such election
is held. The ballots cast shall have written or printed thereon:
'For School House' or 'Against School House.' The ballots cast
and the voting list shall be lodged with the board of trustees, . .
who shall declare the result. Said board of trustees . . or a
majority of them, shall be the election managers; and if for any
reason they fail to act, any three freeholders of the . . con-
solidated district, . . may qualify and act."

(a) The phrase, "shall follow the law as required of county
authorities as embodied in section 440 et seq., of the Code of 1914,
volume 1," as employed in the above-mentioned statute, refers to
Park's Annotated Code of 1914. However the sections mentioned
are identical with the corresponding sections of the official Code of
1910.

(*b*) The above-quoted statute must be construed in connection with sections 440 to 443, inclusive, of that Code.

(*c*) The above-quoted act under a proper construction, considered in connection with the code sections to which it refers, confers upon the board of trustees of a consolidated school district authority to entertain a petition from the registered qualified voters of the consolidated district for call of an election for the purposes indicated in the statute; also authority to grant an order upon such application calling the election; also authority to advertise the call of the election; also authority to act as managers in holding the election and to declare the result.

(*d*) But, as applied to consolidated school districts such an election can be called only in a consolidated school district in which there is an existing provision for the levy of a local tax for support of the schools of the district.

(*e*) The number of registered qualified voters signing the petition must be one fourth of the registered voters of the district, to be determined by the board of trustees.

(*f*) It is the duty of the board of trustees to fix the amount, denomination, rate of interest, and dates when due of the proposed bonds and to call the election "in terms of law now provided for a county issue of bonds [Civil Code 1910, § 440 et seq.], except as [in the act] otherwise provided."

(*g*) It is "otherwise provided" that the board of trustees "may order such election to be held on the school site, or other suitable place, in the . . consolidated district;" and if the election is ordered to be so held, the board of trustees shall give notice by posting the time and place of election at three public places in the consolidated district, "not less than ten days previous to said election."

(*h*) No person shall be permitted to vote in the election who is not a registered qualified voter.

(*i*) The tax-collector shall furnish a certified list of registered voters in such consolidated district to the managers of the election ten days before the election is held.

■ Construing the statute as just indicated, it is not violative of the due-process clauses as contained in article 1, section 1, paragraph 3 of the constitution of this State (Civil Code of 1910, § 6359) and paragraph 1 of subarticle 14 of article 8 of the Federal Constitution (§ 6700).

■ Nor is the statute void on account of being indefinite.

■ The board of trustees issued an order calling an election under the statute set forth in division 9 of this opinion, as follows: "Georgia, Early County. One fourth of the registered qualified voters of the Lucille Consolidated School District of said County (it being a consolidated school district in which a local tax is now levied for school purposes) having filed their petition with the Board of Trustees of said Lucille Consolidated School District, asking for an election for the purpose of determining whether or not bonds shall be issued for the purpose of building and equipping a schoolhouse for said Lucille Consolidated School District: An election is hereby called for that purpose, and it is hereby ordered that such election be held and had at the Byron Schoolhouse in said Lucille Consolidated School District on Friday, September the ninth, 1927. The amount, denomination, rate of interest, and due dates of such bonds are hereby fixed as follows: The amount of such bonds shall be fourteen thousand dollars ($14,-000.00), consisting of fourteen (14) bonds of the denomination of one thousand dollars ($1,000.00) each, one of such bonds becoming due on the first day of each year of the years 1938 to 1951, both inclusive, respectively; said bonds to bear interest at the rate of five and one half per cent (5-1/2) per annum, payable semi-annually on the first day of the months of January and July of each year, respectively, the first of such semi-annual installments of interest to become due on January 1st, 1928; and said bonds to be fully paid off by January 1st, 1951. Those desiring to vote for the issuance of such bonds shall have written or printed on their ballots, 'For Schoolhouse,' and those desiring to vote against the issuance of such bonds shall have written or printed on their ballots, 'Against Schoolhouse.' This August 2nd, 1927. Signed by the trustees of the Lucille Consolidated School District of Early County, Georgia, and attested by the chairman and the secretary and treasurer of that board."

(a) The call for an election was not void for insufficiency to conform to the provisions of the statute as to the manner in which and by whom the election should be called.

(b) The call for an election was subject to attack, however, upon the ground that at the time it was made there was not in existence in the district a provision for the levy of a local school

tax for support of the schools; and it was erroneous to refuse to enjoin the holding of the election on the question as to the issue of bonds to build and equip a schoolhouse.

*Judgment reversed. All the Justices concur.*