PRICE *v.* HODGES, tax-collector, *et al.*

No. 8231. June 11, 1931.

*E. W. Jordan,* for plaintiffs.    *W. M. Goodwin,* for defendants.

Hines, J.    An election was held on April 6, 1925, in Pringle School District of Washington County, to determine the question whether or not a local tax for educational purposes should be levied in that district. The Pringle School District embraces about one half of the population and one half of the territory of the 1245th and 1384th districts in Washington County. In holding said election the managers used the list of registered voters of these two militia districts, made up by the registrars for the general election held in 1924. This list was not prepared in compliance with the provisions of the act of August 19, 1911. Ga. Laws 1911, p. 167; Park's Code, § 61. The election was declared to be in favor of the levy of a school tax in that district. Price and others, as citizens and taxpayers in said county, residing, owning property, and paying taxes in said district, filed their petition against the tax-collector who had issued tax executions against them for said tax, and the sheriff, to restrain the levies of the tax fi. fas. against

872

them for said school tax so authorized by the election held as above set forth, on the ground that the election was void for lack of proper registration. On the hearing for injunction the facts relating to the registration-list under which said election was held were shown to be as above stated. The trial judge refused an injunction, and the petitioners excepted.

■ Registration is now a qualification of voters; and where an election is held for the purpose of levying an educational tax in a school district, without registration as provided by the act above referred to, said election is null and void. *Goolsby* v. *Stephens,* 155 *Ga.* 529 (117 S. E. 439); *Fairburn School District* v. *McLarin,* 166 *Ga.* 867, 870 (144 S. E. 765); *Houston* v. *Thomas,* 168 *Ga.* 67, 72 (146 S. E. 908).

■ Section 126 of the Civil Code of 1910, and the decisions in *Chamlee* v. *Davis,* 115 *Ga.* 266 (5) (41 S. E. 691), and *Coleman* v. *Board of Education,* 131 *Ga.* 643 (9) (63 S. E. 41), have reference to irregularities in the conduct of elections in matters which are merely directory, and not to the absence of a proper registration-list under the act of 1911, which is now necessary to qualify persons to vote at such election.

*Judgment reversed. All the Justices concur.*