CRYE *et al.,* commissioners, *et al. v.* PEARCE *et al.*

No. 8723.   JULY 12, 1932.

*Love & Fort,* for plaintiffs in error.
*Robinson & Flynt* and *Wohlwender & Calhoun,* contra.

HILL, J. ■ E. L. Pearce and others as citizens and taxpayers of the Mountain Hill School District in Harris County, brought a petition against W. G. Crye and others, commissioners of roads and

revenues, and the tax-collector of Harris County, to enjoin the collection of a special school tax, alleging that an election was held in said district on August 20, 1931; that the election was called by the ordinary of Harris County, for the purpose of determining whether or not the school district would levy a tax of two mills on each dollar of taxable property in that district for the purpose of supplementing the funds received from the public-school fund for educational purposes, and of maintaining, equipping, and operating said school; and that the election was null and void, for the reason that the same was not in compliance with the requirements of the provisions of the acts of 1894, 1908, and 1911, as contained in Park's Code, §§ 48, 61. The case came on for hearing, and after evidence and argument the court held, applying the rules of law announced in *Houston* v. *Thomas,* 168 *Ga.* 67, 76, and *Price* v. *Hodges,* 172 *Ga.* 871, and the acts of 1894, 1908, and 1911 as contained in Park's Code, §§ 48, 61, that the special election referred to in the petition was void, and that the requirement of law as to making up of the registration list to be used in such special election was not complied with, and that the procedure pointed out in §§ 48 and 61 of Park's Code is mandatory and not directory merely, and that the failure to comply therewith rendered the election null and void. The defendants excepted.

The acts of 1894, 1908, and 1911, as contained in Park's Code, §§ 48, 61, are as follows: "§ 48. Within ten days after closing the voters' books, as provided in section 38, the tax-collector shall file with the county registrars an accurate and complete list of all the names signed in the voters' books between the time when he began collecting taxes and the closing of said books, arranged in alphabetical order, and by militia districts, and city wards, and also showing the dates in that year when persons will arrive at full age or will have resided in the State and county the requisite time, as sworn to in the voters' books. And said list shall also show the race of each person—that is to say, whether white or colored,—his age, occupation, and residence."

"§ 61. Any person who has registered for any general election shall, if otherwise qualified to vote at any special election before the next said general election, be listed and entitled to vote at such special election. Within five days after the call of said special election, the tax-collector shall close his voters' books, and within five days

thereafter he shall file with the county registrars an accurate and complete list of all names signed in said voters' books since the close of the voters' books for the last general election and not before filed with said registrars for the last general election, said list to be made out and arranged as provided in section 48. Within five days thereafter the registrars shall file with the clerk of the superior court said supplemental registration list showing the names of additional voters who are entitled to vote at said special election, and any person whose name appears upon said list may vote at such special election and at any primary to nominate candidates for offices to be filled at such special election, but the registrars shall purge said list before filing it of all persons who will not be qualified to vote at said election in the same manner as preparing and purging the registration list for the general election. It shall, furthermore, be the duty of the registrars upon the call of a special election to purge the list of registered voters prepared for the last general election of any names subsequently disqualified by failure to pay taxes becoming due subsequent to the last general election, and it shall be the duty of the registrars to furnish to the managers of said special election two lists, one composed of the list of voters entitled to vote by reason of their registration for the last general election, and the other made up of those entitled to vote by their subsequent registration as hereinbefore provided for, and if a primary is held for said special election, it shall be the duty of the registrars to furnish said lists also to the managers of said primary in time for use in said primary, and no one shall be entitled to vote either in said special election or in said primary unless his name is upon one of the lists furnished by the registrars."

We are of the opinion that the trial court did not err in granting the injunction, and in holding that the election held at the time and place named in the petition was null and void for the reason stated. In *Price* v. *Hodges*, 172 *Ga.* 871 (159 S. E. 241), this court held, six Justices concurring: "An election held on the question of levying an educational tax in a school district, without the registration required by the act of 1911 (Park's Code, § 61), was void. . . Section 126 of the Civil Code of 1910, and decisions cited, refer to irregularities in the conduct of elections in matters merely directory; not to absence of proper registration lists necessary, under the act of 1911, to qualify persons to vote." In sup-

port of these propositions Mr. Justice Hines, who delivered the opinion of the court, cited *Goolsby* v. *Stephens,* 155 *Ga.* 529 (117 S. E. 439); *Fairburn School District* v. *McLarin,* 166 *Ga.* 867, 870 (144 S. E. 765); *Houston* v. *Thomas,* 168 *Ga.* 67, 72 (146 S. E. 908). Mr. Justice Hines distinguished the cases of *Chamlee* v. *Davis,* 115 *Ga.* 266 (5) (41 S. E. 691), and *Coleman* v. *Board of Education,* 131 *Ga.* 643 (9) (63 S. E. 41). The principle ruled in the *Price* case, supra, is controlling of the question involved in the present case. A request was made to review and overrule that decision, if it is held by this court to be controlling in the present case. After reviewing the decision we decline to overrule it. The cases of *Terrell* v. *Forest Park Consolidated School District,* and *Yaeger* v. *Valley Point Consolidated School District,* infra, are not in conflict with the present decision. Those cases involved bond elections. The present case involves the levying of an additional educational tax without complying with the registration requirements of the act of 1911 (Park's Code, § 61). The constitutional amendment of 1918 (Ga. L. 1918, p. 99) applies only to elections for bonds, and not to elections authorizing the levy of an additional educational tax in local school districts. The two cases stand on an entirely different basis.

*Judgment affirmed. All the Justices concur.*