## GAYLE v. ALEXANDER.
### No. 1699.

Court of Civil Appeals of Texas. Waco.

Oct. 4, 1934.

C. S. Farmer, John McNamara, and Alfred Herbelin, all of Waco, for appellant.

W. V. Dunnam and F. M. Fitzpatrick, both of Waco, for appellee.

PER CURIAM.

Appellant, Gibson Gayle, and appellee, Joe Alexander, were candidates, and the only candidates, in the Democratic primary election held in McLennan county on July 28, 1934, for nomination for the office of assessor and collector of taxes for said county: A canvass of the returns from the several voting precincts showed that appellee, Alexander, had received a majority of the votes cast in said election, and his name was duly certified to the county clerk as the nominee for said office.

Appellant then instituted this action in the district court of said county to contest the nomination of appellee. The contest was heard by the court and judgment entered declaring that appellee had received a majority of forty-one of the votes cast in said election and that he was the nominee of said party for said office. Appellant asks this court to review said judgment, reverse the same, and enter a judgment declaring him to be the nominee of said party for said office.

### Opinion.

Appellant contends, in substance, that certain officers who held or assisted in holding said primary election in certain voting precincts in said county were disqualified to act as such by the provisions of article 2940 of the Revised Statutes of this state; that such disqualification rendered the election held in such voting precincts void; and that the returns therefrom should be excluded from the canvass of the votes cast at such election in the county as a whole. Said article, so far as pertinent, provides, in substance, that no one who holds an office of profit or trust under the United States, or this state, or any city or town in this state, or within thirty days after resigning or being dismissed from such office, or who is a candidate for office, or has not paid his poll tax, shall act as judge, clerk, or supervisor of any election. The court found that J. W. Smallwood, who acted as presiding judge in the LaVega voting precinct, R. F. Brown, who acted as presiding judge in the Rosenthal voting precinct, D. J. Barefield, who acted as presiding judge in the Concord voting precinct, and Frank Burr, who acted as presiding judge in the Ocee voting precinct, were each, at the time of such service, school trustees in their respective communities. The court further found that W. D. Thompson, who acted as presiding judge in the Axtell voting precinct, held at the time a purported appointment as deputy sheriff of said county, but that he had never taken the oath of office and had never served nor received any compensation as such officer. The court further found that W. J. Higginbotham, who acted as presiding judge in the China Springs voting precinct, C. C. Barron, who acted as an assistant judge or clerk in the Axtell voting precinct, and J. L. Allen, who acted as one of the counting clerks in the Hawthorne voting precinct, had each been theretofore in January, 1934, duly appointed by appellee, the present tax assessor of McLennan county, as his deputy, and had qualified and served as such during the first four months of the current year. The court further found in that connection that the duties of each of the deputies aforesaid were confined and limited to the assessment of taxes in the rural districts in which they respectively resided; that all duties under such appointments were performed and completed prior to the 1st day of May, 1934; and that none of them thereafter performed any such duties or received any compensation as such deputies. The returns from each of the above-named voting precincts showed that appellee received a majority of the votes cast therein, and that if such returns were excluded from the canvass of the votes cast, appellant would be left with a substantial majority of the votes cast at such election in all the other voting precincts in the county. A more definite statement with reference to such returns is not deemed material. Appellant does not charge that any of the above-named election officers failed in any respect to fairly and impartially discharge his duties as such, and the court in this connection found affirmatively that all the same "performed the duties of their respective positions in said election in the manner provided by law, and that neither of them were guilty of any fraud, and that their presence and participation in conducting said election in said precincts did not constitute an obstacle to a fair and free expression of the will of the electors voting in said precinct." The court further found that the selection of the above-named election officers was not fraudulently brought about; that their service as such did not cast suspicion or doubt upon the result of the election in the respective precincts in which they served; and that the electors voting in such precincts should not be disfranchised because of such service. The court thereupon refused to declare the election held in said several voting precincts void and refused to exclude the returns from the same from the canvass of the vote cast in such election, and rendered the judgment hereinbefore recited.

Appellant insists that the provisions of article 2940 are mandatory; that each of

the election officers aforesaid was disqualified and prohibited thereby from acting as such; and that the election in each such voting precinct was, by reason of their participation in holding the same, absolutely void. A mandatory provision in a statute is one, the omission to follow which renders the proceeding to which it relates illegal and void, while a directory provision is one, the observance of which is not necessary to the validity of the proceeding. A statute may be mandatory in some respects and directory in others. 59 C. J., p. 1072, § 630; Carrier v. Comstock, 108 Ark. 515, 159 S. W. 1097, par. 2; Hocking Power Co. v. Harrison, 20 Ohio App. 135, 153 N. E. 155, 156, par. 1; Deibert v. Rhodes, 291 Pa. 550, 140 A. 515, 516, 517, pars. 2, 3, and 4. There is no universal rule or absolute test by which directory provisions in a statute may in all circumstances be distinguished from those which are mandatory, but in the determination of this question, as every other question of statutory construction, the prime object is to ascertain the legislative intent from a consideration of the entire statute, its nature, its object, and the consequences that would result from construing it one way or the other. Words of permissive character may be given a mandatory significance to effect the legislative intent. On the other hand, the language of a statute, however mandatory in form, may be deemed directory whenever the legislative purpose can best be carried out by such construction. 59 C. J., pp. 1072, 1073, § 631; Burton v. McGuire (Tex. Civ. App.) 3 S.W.(2d) 576, 583, par. 15; Kansas City, M. & O. R. Co. v. Rochester Independent School Dist. (Tex. Civ. App.) 292 S. W. 964, 965, par. 1; Valley Bank v. Malcolm, 23 Ariz. 395, 204 P. 207, 211, par. 4; People ex rel. Thompson v. San Bernardino High School Dist., 62 Cal. App. 67, 216 P. 959, pars. 3 and 4. The legislative intent in enacting the article under consideration was evidently to restrict the selection of election officers to those who were free from the supposed influence, embarrassment, or interest arising from office holding or personal candidacy, or from the apparent indifference to the duties of citizenship which might be inferred from a failure to pay a poll tax. So far as the selection of election officers is concerned, said article might well be deemed mandatory and compliance therewith required when the eligibility of an officer so selected is denied, or his right to serve as such assailed by any proper proceeding prior to his actual service. Browning v. Gray, 137 Tenn. 70, 191 S. W. 525. No such situation is presented in this case. But should the provisions of said article in that phase of its application be held mandatory, it does not necessarily follow that when a person named in said article has been selected as an election officer for a particular voting precinct, and his selection has not been assailed but has been acquiesced in by the qualified electors of such precinct by participating in the election held therein, and the votes cast in such precinct have been fairly and correctly counted and tabulated and return thereof duly made, that such election as to said precinct should, solely by reason of the participation of such election officer in holding the same, be declared void, the returns thereof excluded from the canvass of the votes cast in said election in the entire county, and the voters of such precinct thereby in effect disfranchised.

The courts have held with practical unanimity that an election is not vitiated by the fact that the election officers who acted under color of authority did not possess the required qualifications, especially when no fraud or misconduct is imputed. Hunnicutt v. State, 75 Tex. 233, 239, 12 S. W. 106; Bell v. Faulkner, 84 Tex. 187, 190, 19 S. W. 480; Clark v. City of Manhattan Beach, 175 Cal. 637, 166 P. 806, par. 2, 1 A. L. R. page 1532 et seq. and note page 1535 et seq.; Quinn v. Markoe, 37 Minn. 439, 35 N. W. 263, 264, par. 2; People v. Avery, 102 Mich. 572, 61 N. W. 4, par. 1; People v. Graham, 267 Ill. 426, 108 N. E. 699, 702 et seq., pars. 3 and 4, Ann. Cas. 1916C, 391; Town of Hendersonville v. Jordan, 150 N. C. 35, 63 S. E. 167, 168; Slate v. Mayor, etc., of City of Blue Ridge, 113 Ga. 646, 38 S. E. 977, par. 3; Mosiman v. Weber, 107 Neb. 737, 187 N. W. 109, 111 et seq., pars. 1 and 2; 20 C. J., pp. 89, 90, § 69; 9 R. C. L., p. 1012 et seq., §§ 32 and 33. We think, under the findings of the court hereinbefore recited and the above authorities, that the election in the several voting precincts under consideration was not rendered void by the participation of such disqualified election officers in the holding thereof. So far as the provisions of said article affect the validity of elections in the holding of which disqualified officers or clerks participated, the same, in the absence of some imputation of attempted exercise of influence upon the electors, or unfairness or fraud, may well be held to have merely a directory effect.

Appellant cites and relies on the case of Savage v. Umphries (Tex. Civ. App.) 118 S. W. 893, 901. The election under consideration in that case was upheld because one of the judges who participated in holding the same was not disqualified. The statutes of

this state regulating primary elections provide for the selection in each voting precinct of two judges and two or more clerks, according to the number of votes anticipated. It appears that the eligibility or qualification of a majority of the election officers in each of the election precincts involved herein is not challenged, and under the rule adopted in the disposition of that case, the election held in such precincts should be upheld.

The judgment of the trial court is affirmed.