MOON *et al. v.* SEYMOUR, sheriff, *et al.*

No. 11250.   JULY 3, 1936.

*Z. B. Rogers,* for plaintiffs.   *J. T. Sisk,* for defendants.

BECK, Presiding Justice.   ■   In the Code, § 34-1902, it is required, in counties where the Australian ballot system has been

adopted in accordance with the provisions of the statute, that "Whenever . . any election of any kind or character is to be held, it shall be the duty of the ordinary of each county . . to provide at each polling place a private room or rooms, a booth or booths, or an enclosure or enclosures, with such compartments therein as may be necessary to accommodate the persons qualified to vote at such polling places, and shall furnish each compartment with a shelf or table for the convenience of the electors in the preparation of their ballots. Each booth or compartment shall be so arranged that it will be impossible for one elector at a shelf or table in one compartment, or any one else, to see an elector at a shelf or table in another compartment in the act of marking his ballot. Each voting shelf or table shall be kept supplied with conveniences for marking the ballots." This law must be treated as mandatory, and it cannot be construed as merely directory. It was intended that in counties holding elections under the Australian ballot system there should be privacy in the preparation of the ticket by a voter, so that he might exercise his own volition in the choice of candidates, and that he might feel, when he is preparing his ballot to express his volition or election as to the different candidates, that he is free from all observation by the prying eyes of those who might be interested in having him vote for certain other candidates. Whether this is necessary in order to preserve the purity and freedom of elections, the legislature has enacted the law in terms that are definite and unmistakable; and we might easily point out good reasons for their having enacted such a statute. But we do not have to do this. It is enough to say that the General Assembly has enacted it, and their will, properly expressed, is the law of the State. This petition, in which injunction is sought, shows that there was an absolute and complete disregard of the law. There might be a failure of the county authorities to observe, in all particulars, the requirements of the law; and a failure to observe some of them might be held to be an irregularity. But where there is a total disregard of the statute, it can not be treated as an irregularity, but it must be held and adjudicated to be cause for declaring the election void and illegal. The court erred in sustaining a general demurrer, under the allegations of the petition in regard to this particular branch of the case.

■■ The rulings made in headnote 2 and 3 require no elaboration.

*Judgment reversed. All the Justices concur, except Russell, C. J., and Atkinson, J., who dissent.*

RUSSELL, Chief Justice. While I agree to what is stated in the first division of the decision, I can not concur in the ruling stated in the second headnote. Therefore I dissent from the judgment.