32126. STATE OF GEORGIA *et al.* v. CARSWELL *et al.*

DECIDED DECEMBER 1, 1948.

*Harvey L. Jay, Solicitor-General, O. Wendell Horne, Jr., J. W. Dennard,* for plaintiffs.

· *E. F. Strozier, George M. Mixon,* for defendants.

MacIntyre, P. J. ■ The Secret Ballot Law provides that its provisions shall not be operative in any county in the State until it is first recommended to be put into force and operation by a resolution of one grand jury. Ga. L., 1941, p. 324, 327 (Code, § 34-1917). The question here arises as to whether the grand jury's action in reference to the Secret Ballot Law was sufficient to place its provisions into force and operation in Crisp County.

It appears from the record that to the Grand Jury of Crisp County, while it was convened in January, 1948, were presented resolutions from four civic organizations, each couched in very similar terms and typical of which was the following:

"Whereas the Kiwanis Club, in a meeting assembled, has expressed a desire that the elections hereafter held in Crisp County be by secret ballot as provided in the Acts of 1941, page 324, Georgia Laws:

"Now therefore, be it resolved that the January 1948 Grand Jury of Crisp County be requested to adopt the provisions of said Act, thereby making it become the law of Crisp County providing for elections by secret ballot.

"The above foregoing resolution was adopted by the Kiwanis Club at a regular meeting held in Cordele, Georgia, on the 18th day of November, 1947." Signed: "H. H. Parker, Secretary."

The action of the Grand Jury on these four resolutions is shown in the Grand Jury presentments for the January term, 1948, of the Crisp Superior Court, as follows:

"Resolutions asking that this body take action on recommendation that this county use the Secret Form of Ballot in elections held in this county were received from the following:

"Crisp County American Legion Post 38.

"The Kiwanis Club.

"The Farm Bureau.

"Crisp County GEA.

"And these resolutions are marked Exhibits 'A', 'B', 'C' and 'D' respectively and attached hereto, and this body goes on record as being unanimously in favor of [recommending] the secret ballot form of voting [to be in force and operation in Crisp County in accordance with Ga. L. 1941, p. 324, et seq.]" The explanatory matter enclosed in brackets was added by this court to show what we think to be the clear and only meaning and effect of the action taken by the grand jury.

The Constitution of the State of Georgia, art. VII, sec. VII, par. I (Code, Ann., § 2-6001), provides that elections for the purpose of authorizing the bonded indebtedness of cities and counties shall be held as prescribed by law; and the Code of 1933, § 87-202, provides that such elections shall be held under the same rules and regulations that elections for officers of said county, municipality, or political divisions are held. Code of 1933, § 34-1902, which is expressly made applicable by the Secret Ballot Law (Code, § 34-1917) to elections held under that law, provides that the statutory procedure for elections shall be applicable to "any election, whether general, special or primary, State, county, municipal, city, town or village."

Under the facts as revealed by the record and under the provisions of the law above cited, we do not think that the court erred in holding that the Secret Ballot Law was of full force and effect in the County of Crisp and the City of Cordele on May 11, 1948 when the election in issue was held, or in holding that

it applied to this election. The question of whether those provisions of the Secret Ballot Law diregarded by the election officials were such as to invalidate the election remains to be considered, however.

■ The oft-followed rule applicable to such cases as it exists in our law is: " 'Where an election has been fairly and honestly conducted, it will not thereafter be invalidated by mere irregularities which are not shown to have affected the result. All provisions of the election laws are mandatory if enforcement is sought before election in a direct proceeding for that purpose; but after election they should be held directory only, in support of the result, unless of a character to obstruct the free and intelligent casting of the vote, or the ascertainment of the result, or unless the provisions affect an essential element of the election, or unless it is expressly declared by the statute that the particular act is essential to the validity of an election, or that its omission shall render it void.' " *Hastings* v. *Wilson,* 181 *Ga.* 305, 307 (182 S. E. 375). See also *Adair* v. *McElreath,* 167 *Ga.* 294, 316 (145 S. E. 841) ; *Hooper* v. *Almand,* 196 *Ga.* 52, 81 (25 S. E. 2d, 778) ; Code of 1933, § 34-3101. The difficulty, however, arises in the application of this principle to the facts of any particular case. Where the omission is of an essential prerequisite to the holding of a valid election, such as the registration of voters or the contents of the ballot itself, the election is, of course, invalid. See, in this connection, *Price* v. *Hodges,* 172 *Ga.* 871 (159 S. E. 241) ; *Goolsby* v. *Stephens,* 155 *Ga.* 529 (117 S. E. 439), and cit.; *Alexander* v. *Ryan,* 202 *Ga.* 578 (43 S. E. 2d, 654). On the other hand, where the omission is only an irregularity in the conduct of the election, such as the failure to purge the registration lists, the time of closing the registration lists, the improper inspection ·of ballots by the election officials, or a slight variance in the form of the contents of the ballot from the published form of the contents, and where such matters are not expressly made essential to the validity of the election by statute, the election is not rendered invalid unless it is shown that the results of the election would have been different except for the irregularity. See, in this connection, *Jossey* v. *Speer,* 107 *Ga.* 828 (3) (33 S. E. 718) ; *Slate* v. *Blue Ridge,* 113 *Ga.* 646 (3) (38 S. E. 977) ; *Chamlee* v.

*Davis,* 115 *Ga.* 266 (5) (41 S. E. 691); *Coleman* v. *Board of Education,* 131 *Ga.* 643 (9) (63 S. E. 41); *Brumby* v. *Marietta,* 132 *Ga.* 408 (64 S. E. 321); *Brown* v. *Atlanta,* 152 *Ga.* 283 (4) (109 S. E. 666); *Adair* v. *McElreath,* supra; *Hastings* v. *Wilson,* supra. But where there is such an utter disregard of the pro-· visions of the statute, as to an essential element of the election, by the election officials as to infect the election as a whole with the taint of illegality, such provisions can not be held directory merely, but must be held to be mandatory. *Moon* v. *Seymour,* 182 *Ga.* 702 (186 S. E. 744). It was said in this case at page 703 that: "There might be a failure of the county authorities to observe, in all particulars, the requirements of the law; and a failure to observe some of them might be held to be an irregularity. But where there is a total disregard of the statute, it can not be treated as an irregularity, but it must be held and adjudicated to be cause for declaring the election void and illegal." The final test of the legality of the election or of the ballot is whether or not the voters have been given an opportunity to express and have fairly and freely expressed their will. *Hastings* v. *Wilson,* supra. See also *Adair* v. *McElreath* and *Hooper* v. *Almand,* supra.

As was said by Chief Justice Jenkins, speaking for the Supreme Court in *Alexander* v. *Ryan,* supra, "Nothing could possibly be more important than the sanctity of the ballot." It was intended that in counties holding elections under the Australian ballot system there should be privacy in the preparation of the ticket by a voter, so that he might exercise his own volition in the choice of candidates, and that he might feel, when he is preparing his ballot to express his volition or election as to the different candidates, that he is free from all observation by the prying eyes of those who might be interested in having him vote for certain other candidates. *Moon* v. *Seymour,* supra. This system, however, lent itself to many and varied abuses. Despite the obligation of election officials to preserve the ballot box, into which the numbered stubs containing the name of each voter were placed, intact and unopened except in case of contest, these boxes formed the center of much abuse, depriving the voter of the privacy of his ballot. To remedy this manifest wrong, the legislature passed

the Secret Ballot Law, which as it appears in Ga. L. 1941, p. 324, is headed and entitled as follows: "Elections—Secret Ballot. An Act to amend Chapter 34-19 of the Code of Georgia of 1933 relating to Elections by providing a new system of voting cumulative of those now in existence and providing further for a *secret ballot* in all primary and general elections in the State of Georgia; the qualification of candidates; and providing that the provisions of this Act shall be adopted upon the recommendation of one Grand Jury; . . to provide for certain duties of the election manager when a ballot has been challenged, and further providing that the number strip shall not be removed from the challenged ballot; to repeal conflicting laws; and for other purposes." ·Thus recognizing the inadequacy of the "Australian ballot" for the purpose for which it was intended, the legislature provided that any county could adopt the Secret Ballot Law and avoid any possible invasion of the privacy of the ballot. The Grand Jury of Crisp County expressed its intent that the possibility of this abuse should be eliminated in Crisp County and approved resolutions asking them to place the law into effect, thus placing the Secret Ballot Law into force and operation in Crisp County.

In order for a municipal corporation to be authorized to issue bonds and incur bonded indebtedness there must be a compliance with the essential provisions of the law. Where, as appears from the record in this case, there were no instructions upon the ballot to guide the voter in expressing his choice on the questions submitted; where the evidence shows that on at least one occasion a ballot was permitted to be taken from the polling place to be voted, without any election official accompanying the ballot; where it appears that the attention of the city authorities was called to the provisions of the Secret Ballot Law being in force in Crisp County (at some indefinite time prior to the election); where one of the managers of the election testified: "No attempt was made that I know of to change and conform to the Secret Ballot Law and it [the election] was held just like it was held last year and the year before;" and where the Clerk and Treasurer of the City of Cordele, who was also Secretary of the City Commission and Registrar of the City of Cordele and who made

all the arrangements for the election, testified: "We did not attempt to conform to the recommendation of the Grand Jury in holding the election"—we think that these facts bring the case directly within the controlling rule of *Moon* v. *Seymour, supra.* There was such a total disregard of the provisions of the Secret Ballot Law that it can not be treated as a mere irregularity or noncompliance, but it must be held to be cause for declaring the election void and illegal. The trial court did not err in denying the validation of the bonds.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*