33354.   NEW *et al v.* STATE OF GEORGIA *et al.*

Decided March 2, 1951.

430

*W. L. Nix,* for plaintiffs in error.

*Hope D. Stark, Solicitor-General, Allison & Pittard,* contra.

FELTON, J. 1. The court did not err in finding that the ineligibility of two of the managers of the election did not in and of itself vitiate the election. This question was not only squarely ruled on in *State* v. *Mayor &c. of Blue Ridge,* 113 *Ga.* 646 (3) (38 S. E. 977), but the court in that case disapproved a contrary ruling by two judges in *Walker* v. *Sanford,* 78 *Ga.* 165 (1 S. E. 424).

2. The court did not err in holding that, under the charter of the Town of Duluth, it was unnecessary for a registration of voters to be had each year an election was to be held. Section 9 of the charter provides in part as follows: · "That the town council shall provide a registration book in which shall be kept a list of the qualified voters, which shall be open for registration

on the first day of November each year, and closed two days before any election to be held." Ga. L., 1906, pp. 714, 715. We hold that this section does not require a completely new registration of all voters every year an election is to be held.

3. The court was authorized to find that the other alleged irregularities were not sufficient to render the election void, in the absence of any fraud or any evidence that the election had not been fairly and honestly conducted, and in the absence of any evidence that the results of the election would have been different if there had been full compliance with the law. *Hastings v. Wilson,* 181 *Ga.* 305 (182 S. E. 375); *Adair v. McElreath,* 167 *Ga.* 294 (145 S. E. 841); *Hooper v. Almand,* 196 *Ga.* 52 (25 S. E. 2d, 778); *State v. Carswell,* 78 *Ga. App.* 84 (50 S. E. 2d, 621). The outcome of the election was in favor of bonds, whether or not votes on both sides of the issue were disallowed because of the alleged disqualification of voters by reason of not having been duly registered to vote for members of the General Assembly in Gwinnett County. The contention of the intervenors that the court should have found that certain other persons who voted for the bond issue were disqualified to vote in the election is without merit. In each case referred to, either the evidence failed to show that such person was disqualified (see *Brown v. City of Atlanta,* 152 *Ga.* 283, 297 (3a), 109 S. E. 666), or the evidence indisputably showed that such person was qualified, or there was conflicting evidence as to the person's qualification and the court was authorized to find therefrom that he was qualified to vote.

4. The court did not err in overruling the demurrer to the response to the intervention. In the first place, the response was not required pleading, and even if the State and the town could not file joint pleadings, the irregularity was not fatal to the pleadings. The town was not estopped to deny the disqualification of voters by having permitted them to attempt to register.

The court did not err in overruling the demurrer of intervenors to the response to the intervention, and in passing an order validating the bonds.

*Judgment affirmed. Sutton, C. J., and Worrill, J., concur.*