HUGHES *et al. v.* GRINER, Ordinary.

No. 17415. Argued March 12, 1951—Decided April 10, 1951—
Rehearing denied May 16, 1951.

*L. J. Courson* and *McDonald & McDonald,* for plaintiffs.
*Franklin, Eberhardt & Barham,* for defendant.

DUCKWORTH, Chief Justice. Failure to comply with mandatory prerequisites to the holding of a special election, such as filing a petition to call the election as provided by law or advertising the election as required by law, renders the election void and equity will take jurisdiction and so decree. *Whittle* v. *Whitley,* 202 *Ga.* 633 (44 S. E. 2d, 241); *Barrentine* v. *Griner,* 205 *Ga.* 830 (55 S. E. 2d, 536). It is equally well settled that irregularities and even outright violations of provisions of the law prescribing the manner for holding elections will in no case be relieved against in equity unless it is further shown that the result of the election was affected thereby. *Collins* v. *Huff,* 63 *Ga.* 207; *Jossey* v. *Speer,* 107 *Ga.* 828 (33 S. E. 718); *Tanner* v. *Deen,* 108 *Ga.* 95 (33 S. E. 832); *Slate* v. *Mayor &c. of Blue Ridge,* 113 *Ga.* 646 (38 S. E. 977). Applying these rules to the complaints set forth in the petition as a basis for the relief sought, we must inevitably arrive at the following conclusions: The complaint that the election managers failed to take the oath required by Code § 34-1202 shows a mere irregularity; and, since it was not alleged that this in any wise affected the result of the election, it would not therefore be a ground for relief in equity. *Jossey* v. *Speer,* supra, and *Tanner* v. *Deen,* supra. The further complaint that in five of the precincts of the county the election was held in schoolhouses instead of in the courthouses or grounds as provided in Code § 62-501 shows an irregularity

that might have rendereed the election as to those precincts void (*Dyson* v. *Pope,* 71 *Ga.* 205; *Walker* v. *Sanford,* 78 *Ga.* 165, 1 S. E. 424; 18 Am. Jur. 852, § 114) ; but, in the absence of an allegation that, when all votes at those precincts are thrown out, the result of the election would be changed, this complaint would be an insufficient ground for equity intervention. The third and final ground of complaint set forth in the petition is, first, that the ordinary has not proclaimed the result of the election by publishing notice thereof as required by Code § 62-501, and secondly, that the ordinary is threatening to so advertise the result and, if permitted to do so, the petitioners will be injured, and the petition prays that he be enjoined from so advertising the results of such election. The Code section just referred to provides that the returns of the election must be made to the ordinary, and that he shall examine the same and shall decide on all questions that arise out of the election and then proclaim the result. While the statute places upon the ordinary the duty to publish notice of the result, it.does not specify precisely when he shall start such publication; consequently it must be held, in the present case, that the election is not shown to be void because the publication has not yet been done. Failure by the ordinary to publish his proclamation of the result would not prevent the election from becoming effective, for it is declared in Code § 62-501 that, "if the lawful majority in said election is for 'no-fence,' then said provisions shall take effect in such county within six months thereafter." On the other hand, equity will not prevent this official from performing the duty of advertising the result, which is placed upon him by the statute. 28 Am. Jur. 352, § 162. Equity is never antagonistic to the law, but follows the law. Code, § 37-103. The foregoing analysis of the grounds of complaint shows an absence of grounds, under the rules of law, for the equitable relief sought. Therefore the court did not err in sustaining the general demurrer and in dismissing the petition.

*Judgment affirmed. All the Justices concur.*