20030. GAY *et al. v.* CLEMENTS *et al.*

DUCKWORTH, Chief Justice. The petition of Gay, as a citizen and resident of Tift County, and Roberts, as a retail wine dealer, against the Sheriff, Ordinary and County Commissioners of Tift County, sought to prevent these officers from putting into effect the result of an election which favored the prohibition of the sale of wine in Tift County, Georgia. The petition alleges that the election was void for two reasons: (a) the election was not held within 30 days from the filing of the petition signed by the registered voters (as required by Code, Ann., § 58-1003); and (b) Code § 34-1902 was violated in that it was impossible for the electors not to be seen in the act of marking their ballots, and the voting booths were not so arranged as to prevent other persons coming within 10 feet of the voter in the immediate act of voting. After a hearing, the demurrers filed thereto were sustained and the petition was dismissed. The exception is to this judgment. *Held:*

1. Under the so-called Wine Acts (Ga. L. 1935, pp. 492, 493; 1937, pp. 851, 853; 1947, pp. 1178, 1181), any county, upon a petition signed by 15% of its registered voters, may call an election to determine whether or not the sale of domestic and foreign wines shall be prohibited in such county. Code (Ann.) § 58-807; *Thomas v. Board of Commrs. of Chattooga County,* 196 *Ga.* 10 (25 S. E. 2d 647). The election here under attack was held for that purpose, and it was not void as alleged because there was not full compliance with Code (Ann.) § 58-1003 (Ga. L. 1937-38, Ex. Sess., pp. 103, 105), which is a part of the Alcoholic Beverages and Liquors Control Act. While fortified wines are defined by the laws of Georgia as an alcoholic beverage under the control of the Alcoholic Beverages and Liquors Control Act, all other wines come under the control of the wine acts of this State. The case of *Whittle v. Whitley,* 202 *Ga.* 633 (44 S. E. 2d 241), which counsel for the plaintiff in error strongly insists is controlling law, has no application to the facts in this case.

2. The allegations that it was impossible for the voters to mark their ballots without being seen, and that the voting booths were so arranged that other persons came within 10 feet of the voter while voting do not allege such violations of Code § 34-1902 as will, under *Moon v. Seymour,* 182 *Ga.* 702 (186

S. E. 744), render the election void. Little can be accomplished by defining a legal difference between "directory" and "mandatory" as applied to provisions of the law. The decision just cited states that the requirements of Code § 34-1902 are mandatory, and it was held that the election there was void because "there was an absolute and complete disregard of the law." It was thereafter said in that opinion, "There might be a failure of the county authorities to observe, in all particulars, the requirements of the law; and a failure to observe some of them might be held to be an irregularity." There is no allegation in this petition of an absolute and complete disregard of the law, but merely a failure to observe some of the requirements, and, for this reason, the cited decision does not control the present case. Any and all provisions of a statute that unqualifiedly require stated acts and conditions are mandatory in that by appropriate and timely proceedings in court the officer charged thereunder with the duty to perform may be compelled to perform in compliance with the law. But where the election is held in substantial compliance with the law, it should not be rendered void merely because of isolated failures to conform strictly with the law unless it appears that such failures changed the results of the election. Code § 34-3101; *Hastings* v. *Wilson*, 181 *Ga.* 305, 307 (182 S. E. 375); *Adair* v. *McElreath*, 167 *Ga.* 294 (145 S. E. 841). Therefore, the allegations failing to show the election to be void, no cause of action was alleged, and the court did not err in sustaining the demurrers and in dismissing the petition.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 14, 1958—DECIDED MAY 7, 1958.

*H. Grady Simmons, John T. Ferguson,* for plaintiffs in error. *Robt. R. Forrester, Bob Reinhardt, Reinhardt & Ireland, D. C. Ireland,* contra.