20129.   WILLIAMS *v.* COX *et al.*

DUCKWORTH, Chief Justice. 1. Georgia Laws 1958, p. 3022 requires that the referendum therein provided for be conducted under the provisions of Code Chapter 69-1, as amended, if it is in effect. That chapter was not in effect when the referendum was held, the pertinent sections thereof having been repealed by Georgia Laws 1958, p. 200. The above charter-repealing act provides that, if the provisions of Chapter 69-1 "shall not be in effect," then the municipal authorities "shall within ten days from the date this Act is approved by the Governor call an election to be held within 30 days from the date of said call." This quoted requirement of the act, that the election be called within ten days from the date of its approval, unmistakably manifests a legislative intent that the call not be made by regular ordinance provided for in the charter, which would mean two readings and more than ten days. Ga. L. 1956, pp. 2518, 2520. Therefore, the oral call by the city authorities at one meeting abundantly satisfies the intent and meaning of the law, and it was legal and valid.

2. The charter-repealing act requires that the election "be held under the same rules and regulations covering the election of officers of said municipality." The charter of the City of Mountain View (Ga. L. 1956, p. 2518) requires that such

municipal officers be elected at an election "conducted as are elections for members of the General Assembly." That means, according to Code Chapter 34-19, as amended (Ga. L. 1941, p. 324; 1941, p. 430; 1943, p. 290; 1949, p. 1291). While failure to observe some of the requirements by the provisions of that chapter might be mere irregularities not rendering the election void (*Gay* v. *Clements*, 214 *Ga.* 136, 103 S. E. 2d 553), as held in *Moon* v. *Seymour*, 182 *Ga.* 703 (186 S. E. 744), when the election is conducted with an absolute and complete disregard for the law contained in Chapter 34-19, the election is void. See also *Adair* v. *McElreath*, 167 *Ga.* 294 (145 S. E. 841); *Price* v. *Hodges*, 172 *Ga.* 871 (159 S. E. 241); *State of Georgia* v. *Carswell*, 78 *Ga. App.* 84 (50 S. E. 2d 621).

The present petition alleges that this election was held in utter disregard for the law and it thereby alleged grounds for decreeing the election void, and the court erred in dismissing the amended petition.

*Judgment reversed. All the Justices concur.*

ARGUED JULY 14, 1958—DECIDED SEPTEMBER 5, 1958.

*John L. Watson, Jr.*, for plaintiff in error.
*W. V. George, Morgan C. Stanford*, contra.