## 21086.   COX *et al.* v. WILLIAMS *et al.*

ARGUED NOVEMBER 14, 1960—DECIDED JANUARY 5, 1961.

*R. B. Pullen, Wm. V. George, Claud F. Brackett, Jr.,* for plaintiffs in error.

*John L. Watson, Jr., Kemp & Watson,* contra.

HEAD, Presiding Justice. In *Williams v. Cox,* 214 Ga. 354 (104 S. E. 2d 899), it was held that the referendum election authorized by an act of the General Assembly (Ga. L. 1958, p. 3022) should be "conducted as are elections for members of the General Assembly"; that the petition, which alleged that

the election was held in utter disregard of the applicable law, stated a cause of action; and that it was error to dismiss the petition on general demurrer. On the subsequent trial the jury returned a verdict for the plaintiffs, and a judgment was duly entered decreeing the referendum election to be null and void. The defendants' motion for new trial, as amended, was denied, and the exception is to this judgment.

The defendants (now plaintiffs in error) rely strongly upon the provisions of *Code* § 34-3101, as follows: "No election shall be defeated for noncompliance with the requirements of the law, if held at the proper time and place by persons qualified to hold it, unless it is shown that, by such noncompliance, the result is different from what it would have been had there been proper compliance."

In the present case the undisputed evidence shows that L. H. Cox was the sole manager of the election, that he was assisted by three persons, one of whom was the acting city clerk, and that no oath was ever administered to him or to his assistants prior to or during the election. The rules as to elections for members of the General Assembly (*Code* § 34-1201) require that "there must be three managers" who are ordinaries, justices of the peace, or freeholders, and § 34-1202 sets forth the form of the oath that each must take before proceeding with the election.

By an act of the General Assembly approved February 25, 1949 (Ga. L. 1949, pp. 1291-1293; *Code Ann.* § 34-1917), the secret-ballot law was made applicable to all elections in this State. Under *Code* § 34-1904 as amended (Ga. L. 1948, Ex. Sess., pp. 3, 5), it is made the duty of the ordinary to furnish the ballots in municipal elections at the expense of the municipality. It is provided by Ga. L. 1941, p. 324 (*Code Ann.* § 34-1914) that such ballots shall have attached thereto a number strip, which may be easily detached, and other procedure for procuring a ballot is prescribed. Under Ga. L. 1941, pp. 429-431 (*Code Ann.* § 34-1918), each voter when applying to vote, and before receiving a ballot, is required to sign his or her name in a book to be kept by the managers and to be known as the "Voters Identification Book." In the present case the undisputed evidence shows that the ballots were not furnished by

the ordinary, and the ballots did not have the number strip required by *Code Ann.* § 34-1914; and that no Voters Identification Book was in use in the manner provided by law. The undisputed evidence further shows that the voting booths did not meet the requirements of *Code* § 34-1902, in that there was no screen, curtain, or door on the front of such booths to exclude vision of the voter while marking his ballot.

The foregoing violations of the voting laws are undisputed. In addition, however, the jury would have been authorized to find that, on a number of occasions, two or more voters occupied the same booth at the same time; that ballots were sent out by others than the election officials, to be marked and voted by persons unable to come to the polls, and that, while the names of these voters and the manner in which their votes were cast were read by the election officials, subsequently these votes (approximately 10 in number), were excluded from the consolidation.

The present case is controlled by the rule laid down in *Moon v. Seymour*, 182 Ga. 702, 703 (186 S. E. 744), where it was held: "There might be a failure of the county authorities to observe, in all particulars, the requirements of the law; and a failure to observe some of them might be held to be an irregularity. But where there is a total disregard of the statute, it can not be treated as an irregularity, but it must be held and adjudicated to be cause for declaring the election void and illegal." See also *Barrentine v. Griner*, 205 Ga. 830 (55 S. E. 2d 536); *Williams v. Cox*, 214 Ga. 354, supra; *Kemp v. Mitchell County Democratic Executive Committee*, 216 Ga. 276 (116 S. E. 2d 321).

The requirements of the secret-ballot law are mandatory and apply to all elections in this State. In *Moon v. Seymour*, 182 Ga. 702, supra, the violation of the law was only as to voting booths; in the present case the violations go much further. Violation of statutory requirements for the holding of an election, such as in the present case, renders the election void. *Moon v. Seymour*, supra, and cases cited. Such violations being established by undisputed evidence, the verdict and judgment holding the election null and void was demanded.

The verdict and judgment having been demanded by undis-

puted evidence, alleged errors in the charge of the court are immaterial and present nothing for review.

*Judgment affirmed. All the Justices concur.*